676 So.2d 48 (1996)
Abraham Troy BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2423.
District Court of Appeal of Florida, First District.
June 27, 1996.
Rehearing Denied July 23, 1996.
Nancy A. Daniels, Public Defender; Chet Kaufman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief of Criminal Appeals; Vincent Altieri, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant complains about his sentences as an habitual felony offender, and about the costs he was ordered to pay. As to the former, he asserts that he is entitled to have his sentences set aside, and to be sentenced pursuant to the guidelines, because the state attorney's decision to request habitual offender treatment was racially motivated; and as to the latter, he asserts that the costs imposed should be stricken because he was not afforded "a meaningful opportunity to be heard."
We affirm appellant's habitual felony offender sentences on the authority of Jones v. State, 676 So.2d 26 (Fla. 1st DCA 1996). We affirm also the imposition of $50.00 in costs pursuant to section 960.20, Florida Statutes (for the Crimes Compensation Trust Fund), and $3.00 pursuant to section 943.25(3), Florida Statutes (for the Additional Court Cost Clearing Trust Fund), as both are statutorily mandated. Ivey v. State, 586 So.2d 1230 (Fla. 1st DCA 1991). However, we strike the imposition of $2.00 pursuant to section 943.25(13), Florida Statutes (for criminal justice education by municipalities and counties), because such a cost is discretionary and, therefore, cannot be imposed without affording a defendant notice and an opportunity to be heard. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). In addition, we vacate the imposition of $200.00 in "court costs." However, as it appears that this sum may merely represent unidentified mandatory costs, on remand, the trial court may reimpose same, provided that it specifies the statute mandating imposition.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.