791 So.2d 525 (2001)
James CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2638.
District Court of Appeal of Florida, First District.
July 24, 2001.
*526 Nancy A. Daniels, Public Defender and Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and James W. Rogers, Senior Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
We find no error in the defendant's conviction, but reverse the assessment of $100.00 in favor of the Florida Department of Law Enforcement Trust Fund and the imposition of a public defender lien in the amount of $250.00. The assessment was improper because it is a discretionary cost that was not orally pronounced at the time of sentencing, and the public defender lien must be reversed because the trial court failed to advise the defendant of his right to contest the amount.
After the appeal was filed, the defendant's appellate counsel filed a timely motion in the trial court under rule 3.800(b) of the Florida Rules of Criminal Procedure challenging both the assessment and the lien. The trial court denied the motion stating that "no such objections were raised by trial counsel at the time of sentence." This was not a valid reason to deny relief.
Rule 3.800(b) authorizes the defendant to file a motion in the trial court to correct a sentencing error. The motion may be filed within the time for filing a notice of appeal or it may be filed during the pendency of an appeal if it is served no later than the date for service of the defendant's first brief. In either case, the defendant may assert a claim that was not previously raised by objection at the time of sentencing. A sentencing issue that has not been raised in the trial court either by an objection at the sentencing hearing or in a subsequent rule 3.800(b) motion will not be *527 addressed on direct appeal. See Fla. R.App.P. 9.140(d).
The procedure established by rule 3.800(b) enables the parties to object to sentencing errors that were not apparent at the time of the sentencing hearing. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure, 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999). As a practical matter, the rule also ensures that a trial judge will not be reversed for a sentencing error presented for the first time on appeal. If the trial judge corrects the sentence in response to a rule 3.800(b) motion, the sentencing issue will never ripen into an appellate argument. On the other hand, if the trial court declines to correct a sentencing error identified in a rule 3.800(b) motion, the issue will have been preserved by the filing of the motion, and the appellate court must then address the issue on the merits.
We are obligated to consider the sentencing issues in this case because they were preserved for appellate review by a timely rule 3.800(b) motion. The defendant has shown that the trial court erred in imposing the assessment and lien. Accordingly, we reverse with instructions to eliminate these aspects of the sentence.
Affirmed in part and reversed in part.
MINER and VAN NORTWICK, JJ., concur.