856 So.2d 1105 (2003)
Edward LANG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1908.
District Court of Appeal of Florida, First District.
October 22, 2003.
*1106 Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant and Appellant pro se.
Charlie Crist, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
In accordance with In re Anders Briefs, 581 So.2d 149 (Fla.1991) (contemplating use of "the Anders procedure ... even when costs or other minor sentencing errors are raised in `no merit' briefs"), we affirm appellant's conviction and sentence. We also affirm all costs imposed, except the $20.00 assessed pursuant to section 938.06, Florida Statutes (2001), for the Crime Stoppers Trust Fund.
We reverse imposition of a public defender's fee, and the lien securing its payment, because the trial court failed to advise appellant of his right to a hearing to contest the amount, as required by section 938.29(6), Florida Statutes (2001), and Florida Rule of Criminal Procedure 3.720(d)(1) (2002). See Carter v. State, 791 So.2d 525, 526 (Fla. 1st DCA 2001) ("[T]he public defender lien must be reversed because the trial court failed to advise the defendant of his right to contest the amount."); Campbell v. State, 745 So.2d 500, 500 (Fla. 1st DCA 1999) ("When a public defender lien is imposed, the trial court must give the defendant notice of the right to contest the amount of the lien.... Because these procedures were not followed here, we reverse and remand with instructions to afford the defendant a hearing on the amount of the lien."); Kirby v. State, 658 So.2d 1232, 1232 (Fla. 1st DCA 1995) ("The trial court erred in imposing public defender fees without giving ... notice of the right to a hearing to contest that amount.... Accordingly, we REVERSE the imposition of the fees and remand to allow Kirby ... opportunity to be heard on the amount of the fee."). We remand to allow appellant an opportunity to be heard on the amount of the fee.
We strike the $20.00 surcharge imposed pursuant to section 938.06 for the Crime Stoppers Trust Fund because the statute authorizes imposition of the surcharge only when a sentencing court has levied a "fine prescribed by law for any criminal offense." § 938.06(1), Fla. Stat. (2001) ("In addition to any fine prescribed by law for any criminal offense, there is hereby assessed as a court cost an additional surcharge of $20 on such fine...."). Here the trial court erred in assessing "an additional surcharge of $20" because no fine was imposed.
In his motion under Rule 3.800(b), Florida Rules of Criminal Procedure,[1] appellant *1107 challenged not only the public defender's fee and the cost assessed for the Crime Stoppers Trust Fund, but also the $3.00 cost assessed for the Duval County Teen Court Trust Fund. The Duval County Teen Court Trust Fund cost is mandatory, however, so that the trial court's failure individually to announce it at the sentencing hearing does not entitle appellant to relief. See Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) ("The trial court is not obligated to announce orally the dollar amount of [mandatory] costs or to separately identify the legal basis for these costs at the sentencing hearing."). Cf. Pierce v. State, 779 So.2d 286, 286 (Fla. 2d DCA 1998) ("Pierce challenges the imposition of ... $3 for the Teen Court Program[] without oral pronouncement or statutory designation. The State concedes that the statutes and ordinance authorizing th[is] ... mandatory cost[ ] did not become effective until ... after the date of Pierce's offense. Therefore, we strike the[] cost[]."). A trial court sitting in a county that has enacted a county ordinance referencing section 938.19, Florida Statutes (2001), and "adopt[ing] a mandatory [teen court] cost... shall ... assess[ ] [$3.00] ... as a court cost ... against every person who... is convicted of ... a violation of a state criminal statute."[2] Duval County, where the trial court in the present case sits, has adopted such an ordinance.[3]
Accordingly, the conviction and sentence are affirmed. Imposition of the public defender's fee and lien is reversed, with directions that appellant be given an opportunity to be heard as to the amount of any fee before imposition on remand. Imposition of the $20.00 cost, pursuant to section 938.06, is reversed. Imposition of all other costs is affirmed.
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] See Maddox v. State, 760 So.2d 89, 109 (Fla.2000) ("Presently, rule 3.800(b) provides defendants with an opportunity to contest the erroneous imposition of costs...."); Carter v. State, 787 So.2d 193, 193 (Fla. 1st DCA 2001) (reversing and remanding "to allow appellant an opportunity to contest the imposition of the public defender lien," where lack of hearing at sentencing as to amount had been argued on motion under Rule 3.800(b)); see generally Nicholson v. State, 846 So.2d 1217, 1219 (Fla. 5th DCA 2003) ("Rule 3.800 expressly applies to any `sentencing error.' We think a sentencing error is not only an error in a `sentence' but also any error that occurs as part of the sentencing process.").
[2] Section 938.19 provides:

[I]n each county in which a teen court has been created, a county may adopt a mandatory cost to be assessed in specific cases as provided for in subsection (1) by incorporating by reference the provisions of this section in a county ordinance....
(1) A sum of $3, which shall be assessed as a court cost by both the circuit court and the county court in the county against every person who ... is convicted of ... a violation of a state criminal statute.... The $3 assessment for court costs shall be assessed in addition to any fine ... or other court cost....
[3] Chapter 634, Ordinance Code (Fines and Costs), section 634.106 (2001), entitled "Teen court programs," provides:

Pursuant to the authority granted in section 938.19, Florida Statutes:
(a) A sum of three dollars shall be assessed as a cost by both the circuit and the county court in the county against every person ... convicted of ... a violation of a state criminal statute....
....
(c) The three dollar assessment for court costs shall be assessed in addition to any... court cost....