PER CURIAM.
 

 The appellant appeals his judgment and sentence for possession of a controlled substance. The appellant’s counsel filed a brief in accordance with
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
 
 In re Anders Briefs,
 
 581 So.2d 149 (Fla. 991). After a careful review of the record, we find no error in the appellant’s judgment and sentence. However, we reverse and remand with directions to correct the judgment for fines and costs by striking a $200 fine, a $10 surcharge, and a $20 court cost.
 

 The written judgment for fines and costs includes a $200 fine under section 775.083, Florida Statutes (2009). Fines under section 775.083 are discretionary and must be orally pronounced at sentencing.
 
 See Dadds v. State,
 
 946 So.2d 1129, 1130 (Fla. 2d DCA 2006). In the instant case, because it failed to orally pronounce it at sentencing, the trial court erred in imposing the fine and it must be stricken.
 

 The written judgment for fines and costs also includes a $10 surcharge under section 938.04, Florida Statutes (2009), and a $20 court cost under section 934.06, Florida Statutes (2009). Section 938.04(1) authorizes a five percent surcharge on “any fine for any criminal offense prescribed by law.” Section 938.06(1) authorizes a $20 court cost “in addition to any fine prescribed by law.” In the instant case, because the trial court erred in imposing the $200 fine, the trial court also erred in imposing the $10 surcharge and the $20 court cost and both must be stricken.
 
 See Dadds,
 
 946 So.2d at 1130.
 

 Accordingly, we affirm the judgment and sentence but remand for the entry of a correct judgment for fines and costs striking the $200 fine, the $10 surcharge, and the $20 court cost.
 

 WOLF, WEBSTER, and ROBERTS, JJ., concur.