PER CURIAM.
Stephen Massengale appeals his convictions for manslaughter by driving under the influence (DUI), driving with a license suspended or revoked, DUI causing damage to a person or property, and DUI causing serious bodily injury. Appellant contends that the trial court erred by denying a motion for mistrial after the prosecutor improperly commented in opening statement about Appellant’s constitutional right not to testify. The effect of the State’s improper remarks is subject to “harmless error” analysis. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Holloman v. State, 573 So.2d 134 (Fla. 2d DCA 1991). Concluding that the State has met its burden under DiGuilio to show there is no reasonable possibility that this error affected the verdict, we affirm the convictions. See DiGuilio, 491 So.2d at 1135.
Appellant also asserts error in the trial court’s imposition of the mandatory cost of prosecution ($100.00) pursuant to section *1096 988.27(8), Florida Statutes (2008). The State properly concedes error because the offenses of which Appellant was convicted occurred before this authorizing statute became effective. Ex post facto principles are implicated where a statute is applied retroactively to impose a cost or surcharge and the length of a defendant’s sentence can be increased by the failure to pay. See Griffin v. State, 980 So.2d 1085, 1037 (Fla.2008). As payment of this $100.00 fíne is a condition of Appellant’s probation, the failure to pay it could result in revocation of his probation.
We AFFIRM the judgment and sentence, except for the $100.00 fine at issue, which we REVERSE and REMAND to the trial court with directions to strike it from the judgment of fines.
WOLF, LEWIS, and RAY, JJ., concur.