PER CURIAM.
 

 The appellant challenges her conviction for fleeing or attempting to elude a law enforcement officer, but she has not shown any error with regard to that conviction. The appellant also challenges the imposition of certain costs in connection with that conviction, and as the state acknowledges, several of the costs were imposed improperly.
 

 Among other costs, the court imposed a $150 charge for the Public Defender fee, under section 938.29, Florida Statutes. However, it does not appear that the appellant was given notice and an opportunity to be heard on this charge, as required under section 938.29(5). This assessment was therefore premature, and on remand the appellant should be given an opportunity to contest this charge.
 
 See Vick v. State,
 
 37 So.3d 951 (Fla. 2d DCA 2010);
 
 Snowden v. State,
 
 685 So.2d 974 (Fla. 1st DCA 1996).
 

 The court also imposed a $50 assessment for the Crimes Compensation Trust Fund, and a $3 assessment for an Additional Court Cost Clearing Trust Fund, with the court citing sections 938.93 and 938.010, Florida Statutes. Those citations are inaccurate, and it appears that the court intended to make these assessments under section 983.03 and 938.01, Florida Statutes. On remand, the proper statutory authority should be cited for these assessments.
 
 See Snowden v. State, supra.
 

 The court further imposed a “SOC IF 100” charge, without any explanation or citation of authority. On remand, the specific authority should be cited for this assessment.
 
 See Snowden v. State, supra.
 

 The court imposed a $225 charge for a Local Government Criminal Justice Trust Fund, under section 938.05, Florida Statutes. The appellant’s offense was committed in May 2008, when the statute authorized only a $200 assessment.
 
 See
 
 § 938.05, Fla. Stat. (2007). On remand the court should reduce this charge to the $200 amount as authorized in the statute which was in effect on the date of the offense. See
 
 Torres v. State,
 
 42 So.3d 914 (Fla. 2d DCA 2010).
 

 The court also imposed a $20 charge as “Additional Court Costs” for the Crime Stoppers Trust Fund, under section 938.06, Florida Statutes, which provides that this assessment is to be made in “addition to any fine....”
 
 See
 
 § 938.06(1), Fla. Stat. However, the appellant was sentenced as a habitual offender without any fine, and because no fine was imposed this section 938.06 assessment may not be made.
 
 See Mallory v. State,
 
 70 So.3d 738 (Fla. 1st DCA 2011);
 
 Pullam v. State,
 
 55 So.3d 674 (Fla. 1st DCA 2011).
 

 The appellant’s conviction is affirmed. The costs addressed herein are vacated, and the case is remanded.
 

 PADOYANO, LEWIS, and CLARK, JJ., concur.