WETHERELL, J.
 

 Appellant raises three issues in this direct appeal of his conviction and sentence: 1) that section 893.13, Florida Statutes, is facially unconstitutional; 2) that the trial court erred in denying his motion for judgment of acquittal; and 3) that the trial court erred in imposing a discretionary fine and surcharge that had not been orally pronounced. We affirm the first issue based on
 
 Flagg v. State,
 
 74 So.3d 138 (Fla. 1st DCA 2011), affirm the second issue without further comment, and reverse the third issue for the reasons that follow.
 

 The jury found Appellant guilty of sale of cocaine and resisting an officer without violence. The trial court adjudicated Appellant guilty and sentenced him to 15 years on the cocaine offense and time served on the resisting offense. At sentencing, the court orally pronounced “costs and fines” of $1,522.50, along with $100 for cost of prosecution, $100 for “defense litigation fee,”
 
 [1]
 
 and $50 for the public defender application fee.
 

 Appellant did not object to the imposition of these costs and fines at sentencing. He did, however, file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in which he argued that the $1,050 fine and $52.50 surcharge reflected in the written judgment and sentence should be stricken because they were not specifically pronounced at sentencing. The trial court denied the motion, finding that this claim was waived.
 

 The record does not support the trial court’s finding of waiver. Nor is there any merit to the State’s argument that this issue was not properly preserved for appellate review. Appellant preserved the issue through his rule 3.800(b)(2) motion.
 
 See Jackson v. State,
 
 983 So.2d 562, 574 (Fla.2008);
 
 Carter v. State,
 
 791 So.2d 525, 526-27 (Fla. 1st DCA 2001).
 

 
 *426
 
 Statutorily-mandated costs may be imposed without notice and, thus, need not be specifically pronounced at the sentencing hearing.
 
 See Bradshaw v. State,
 
 638 So.2d 1024 (Fla. 1st DCA 1994). By contrast, discretionary costs must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard.
 
 See Smiley v. State,
 
 704 So.2d 191, 195 (Fla. 1st DCA 1997);
 
 Brooks v. State,
 
 676 So.2d 48 (Fla. 1st DCA 1996) (citing
 
 Reyes v. State,
 
 655 So.2d 111 (Fla. 2d DCA 1995)).
 

 Here, the trial court orally pronounced a lump sum of $1,522.50 of costs and fines. The oral pronouncement did not delineate the specific costs and fines included in this amount. The written judgment and sentence reflect that $420 of this amount was for statutorily-mandated costs. The remainder was comprised of a $1,050 fine pursuant to section 775.083(1), Florida Statutes, and the associated surcharge of $52.50 pursuant to section 938.04, Florida Statutes.
 

 The fine authorized by section 775.083(1) is discretionary and, thus, it was error for the trial court to impose the $1,050 fine under this statute without specifically pronouncing the fine at the sentencing hearing.
 
 See Reyes,
 
 655 So.2d at 116. Because this fine was erroneously imposed, the surcharge under section 938.04, which is based on the amount of fine, must also be reversed.
 
 See Pullam v. State,
 
 55 So.3d 674, 675 (Fla. 1st DCA 2011).
 

 On remand, the trial court may reimpose the fine and surcharge after providing notice to Appellant and following the proper procedure.
 
 [2]
 

 Accord Williams v. State,
 
 82 So.3d 186 (Fla. 1st DCA 2012) (reversing judgment for fines, costs and surcharges “because the trial court failed to delineate the discretionary fine(s) when announcing at sentencing that it would impose $1,522.50 in costs and fines,” and stating that the assessments may be reimposed on remand after giving Appellant notice and following the proper procedure);
 
 see also Oliver v. State,
 
 75 So.3d 349, 350 (Fla. 1st DCA 2011) (reversing the imposition of discretionary fines and authorizing the court to reimpose the fines on remand “by following the proper procedure, which includes individually announcing each assessment and the authority for each”);
 
 Terry v. State,
 
 791 So.2d 1162, 1163 (Fla. 1st DCA 2001) (reversing imposition of $2 discretionary cost and stating that the trial court may reimpose the cost “after complying with the ‘procedural safeguards’ set forth in
 
 Reyes
 
 ”);
 
 Smiley,
 
 704 So.2d at 195 (reversing imposition of “a lump sum of $1,500 in ‘court costs and fines’ ” without prejudice to the trial court reimposing authorized sums after following the appropriate procedure).
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PADOVANO and LEWIS, JJ., Concur.
 

 [1]
 

 . The written judgment and sentence reflects that this is the indigent legal assistance fee mandated by section 938.29(1), Florida Statutes.
 

 [2]
 

 . We question whether it is a prudent use of judicial resources to conduct further proceedings to impose an additional $1,102.50 on an indigent defendant who is serving a 15-year prison sentence, but we recognize that this is an issue for the trial court to consider in the first instance. If the trial court elects not to reimpose the fine and surcharge, it should enter a corrected judgment and sentence striking these amounts.
 
 Cf. Mallory v. State,
 
 70 So.3d 738 (Fla. 1st DCA 2011) (remanding for entry of a corrected judgment striking improperly imposed fines);
 
 Pullam,
 
 55 So.3d at 675 (same).