PER CURIAM.
This is an appeal in which the Office of Criminal Conflict and Civil Regional Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the appellant’s conviction and sentence with the exception of certain costs imposed.
We strike the $150 dollar indigent legal assistance lien imposed, because the appellant was not given notice of his right to a hearing to contest the amount of this lien. See Fla. R.Crim. P. 3.720(d)(1) (“Notice of the accused’s right to a hearing to contest the amount of the lien shall be given at the time of sentence.”); McCarthan v. State, 91 So.3d 268 (Fla. 1st DCA 2012) ([W]e strike the $100 indigent legal assistance lien imposed, since the appellant was not given notice of his right to a hearing to contest the amount of this lien.). On remand, if the trial court wishes to impose the public defender fee it must advise the appellant of its intent to do so and his *238 right to a hearing to contest imposition of that fee. See Vaughn v. State, 65 So.3d 138 (Fla. 1st DCA 2011).
Additionally, we strike the $100 “Sheriffs Investigatory Cost” as it was not requested by the state. See Parker v. State, 44 So.3d 1190 (Fla. 1st DCA 2010) (“With respect to the investigatory costs, there is no record indication that the State requested or demonstrated these costs as required under the statute. Accordingly, the Sheriffs Investigatory Cost ... must be stricken.”); Hills v. State, 90 So.3d 927 (Fla. 1st DCA 2012) (“Because section 938.27(8) does not pertain to ‘investigative costs’ of law enforcement agencies such as the Sheriffs Office, the requirement that such costs be requested on the record and subjected to argument regarding the amount remains.”). On remand, the state may not seek to reimpose these costs because they were not requested. See Vaughn v. State, 65 So.3d 138 (Fla. 1st DCA 2011).
Finally, we strike the imposition of the $20 cost imposed pursuant to section 938.06, Florida Statutes (2010), because no fine was imposed. See Pullam v. State, 55 So.3d 674 (Fla. 1st DCA 2011). Accordingly, we AFFIRM the appellant’s judgment and sentence in part, but we REVERSE AND REMAND in part for proceedings consistent with this opinion.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.