PER CURIAM.
Appellant challenges his conviction and sentence for second-degree murder. We affirm the conviction without comment, but we reverse certain costs imposed by the trial court and remand for correction of sentencing errors.
The State properly concedes that the trial court should have orally pro *5 nounced the $100 investigative cost, as it is a discretionary cost and not a mandatory cost. See Baker v. State, 86 So.3d 1208, 1209 (Fla. 1st DCA 2012) (citing Pullam v. State, 55 So.3d 674 (Fla. 1st DCA 2011)).
The State also correctly concedes that the Public Defender fee should be struck because the trial court did not advise Appellant of his right to contest the fee when it was orally imposed. See § 938.29(5), Fla. Stat.; Fla. R.Crim. P. 3.720(d)(1). As this court has previously held, this fee must be stricken and, on remand, the trial court shall advise Appellant of his right to a hearing to contest the Public Defender fee. See Vaughn v. State, 65 So.3d 138, 139 (Fla. 1st DCA 2011).
Finally, as the trial court did not impose a fine, pursuant to section 938.06(1), Fla. Stat (2009), the $20 imposition of court costs must be stricken.* See Clavelle v. State, 80 So.3d 456, 457 (Fla. 1st DCA 2012); see also Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011). Accordingly, we affirm the judgment and sentence, but remand for correction of the sentencing errors. We note that if the trial court determines it will not impose any of the above fees, it is not necessary to conduct another sentencing proceeding which would require Appellant’s presence.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, THOMAS, and MARSTILLER, JJ., concur.

 "We recognize that, effective July 1, 2010, section 938.06(1) was amended to provide that the $20 assessment for the Crime Stoppers Trust Fund is a mandatory court cost rather than an additional surcharge on any fine imposed. See Ch.2010-162, § 31, Laws of Fla. This amendment took effect after the date of [Appellant’s] offense and, thus, the 2009 version of the statute applies in this case.”
Sanders v. State, 101 So.3d 373, 377 n. 3 (Fla. 1st DCA 2012) (citing Comer v. State, 502 So.2d 513 (Fla. 1st DCA 1987)).