PER CURIAM.
Mr. Michael Giles appeals his judgment and sentence for aggravated battery with a deadly weapon in connection with his actions during the early morning hours of February 6, 2010. We affirm his conviction without comment, but we find the state’s concession of error to be proper with respect to the fines, surcharges, and costs imposed at sentencing.
“The fine authorized by section 775.083(1) is discretionary and, thus, it was error for the trial court to impose the $1,050 fine under this statute without specifically pronouncing the fine at the sentencing hearing.” Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). Additionally, “[b]ecause this fine was erroneously imposed, the surcharge under section 938.04, which is based on the amount of fine, must also be reversed.” Id. Similarly, under the relevant version of the statute, because the trial court erred in imposing the fine, the $20 court cost imposed pursuant to section 938.06 must also be stricken. See Sanders v. State, 101 So.3d 373 (Fla. 1st DCA 2012); Mallory v. State, 70 So.3d 738 (Fla. 1st DCA 2011); Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011).
On remand, the trial court may reimpose the assessments after providing notice to Appellant and following the proper procedure. Nix, 84 So.3d at 426.
REVERSED and REMANDED.
DAVIS, VAN NORTWICK, and ROWE, JJ., concur.