REHEARING EN BANC
PER CURIAM.
We grant the State’s motion for rehearing, withdraw our original opinion in this case, and sua sponte consider the case en banc. This case addresses whether the $20 court cost imposed for crime stoppers programs in criminal cases pursuant to section 938.06(1), Florida Statutes (2010), is mandatory regardless of whether any fine is imposed. Prior to July 1, 2010, section 938.06(1) provided in part, “In addition to any fine prescribed by law for any criminal offense, there is hereby assessed as a court cost an additional surcharge of $20 on such fine, which shall be imposed by all county and circuit courts and collected by the clerks of the courts together with such fine.” Based upon this version of the statute, we issued several opinions holding that it was error to impose the $20 cost where no fine was imposed or where a fine was wrongfully imposed. See, e.g., Harris v. State, 100 So.3d 245, 246 (Fla. 1st DCA 2012); Chamblee v. State, 93 So.3d 1184, 1186 (Fla. 1st DCA 2012); Clavelle v. State, 80 So.3d 456, 457 (Fla. 1st DCA 2012); Mallory v. State, 70 So.3d 738, 738 (Fla. 1st DCA 2011); Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011); Lang v. State, 856 So.2d 1105, 1106 (Fla. 1st DCA 2003).
The Legislature amended section 938.06(1) effective July 1, 2010, to provide *233 that “[i]n addition to any fine prescribed by law, when a person is convicted of any criminal offense, the county or circuit court shall assess a court cost of $20.” Thereafter, we issued opinions in seven cases, which were consolidated for briefing purposes and where the State conceded error on the subject, striking the $20 cost imposed pursuant to the 2010 version of section 938.06 because no fine was imposed. See Pruitt v. State, 98 So.3d 237, 238 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 236, 237 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 235, 236 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 234, 235 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 233, 234 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 232, 233 (Fla. 1st DCA 2012); Pruitt v. State, 98 So.3d 231, 232 (Fla. 1st DCA 2012). In doing so, we cited to our Pullam opinion, which addressed section 938.06 prior to the amendment. One day after the Pruitt decisions were issued, we set forth as dicta in Sanders v. State, 101 So.3d 373, 377 n. 3 (Fla. 1st DCA 2012), that effective July 1, 2010, section 938.06(1) was amended to provide that the $20 assessment for the Crime Stoppers Trust Fund was a mandatory cost rather than an additional surcharge on any fine imposed.
Reconsidering this issue en banc, we recede from our Pruitt decisions with respect to section 938.06 and determine that the reasoning as set forth in Sanders is correct. Although both versions of the statute include the language “[i]n addition to any fine prescribed by law,” the only prerequisite to the imposition of the $20 cost following the 2010 amendment is that a person be convicted of any criminal offense. No longer is the cost considered “an additional surcharge ... on such fine” as was the case prior to the amendment. Therefore, the $20 cost must be imposed when a person is convicted of a criminal offense whether or not a fine is also imposed. Appellant’s judgments and sentences are hereby AFFIRMED.[1]
BENTON, C.J., WOLF, DAVIS, VAN NORTWICK, PADOVANO, LEWIS, ROBERTS, CLARK, WETHERELL, ROWE, MARSTILLER, RAY, SWANSON, and MAKAR, JJ., concur.

. We note appellate counsel’s concession that the trial court did not err in adjudicating Appellant guilty of a violation of section 893.13, Florida Statutes. See State v. Adkins, 96 So.3d 412 (Fla.2012).