PER CURIAM.
Appellant was convicted of home invasion robbery with a firearm and sentenced to 10 years in prison. Appellate counsel filed an Anders[1] brief and, after our independent review of the record, we find no reversible error in Appellant’s judgment or his 10-year prison sentence. We do, however, find merit in Appellant’s claim that his judgment and sentence contains several erroneously imposed costs.
Appellant preserved this claim through a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court timely ruled on the motion and correctly found several costs to have been erroneously imposed.[2] However, the court did not direct the clerk to strike these costs, nor does the *1187 record contain a corrected judgment and sentence without these costs. Accordingly, we reverse the imposition of these costs and remand for the trial court to enter a corrected judgment and sentence in conformance with the order on Appellant’s rule 3.800(b)(2) motion.
On remand, the trial court may reimpose the stricken fíne, surcharges, and indigent legal assistance fees after following the appropriate procedures, see Harris v. State, 100 So.3d 245, 246 (Fla. 1st DCA 2012) (indigent legal assistance fee); Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012) (discretionary fines and surcharges), but the court may not reimpose the stricken investigative costs because they were not requested by the State.[3] See Vaughn v. State, 65 So.3d 138 (Fla. 1st DCA 2011); but see Love v. State, 992 So.2d 823 (Fla. 2d DCA 2008). If the trial court elects not to reimpose the stricken fine, surcharges, and fees, Appellant need not be present for the entry of the corrected judgment and sentence. See Kirkland v. State, 106 So.3d 4 (Fla. 1st DCA 2013).
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
ROBERTS, WETHERELL, and MARSTILLER, JJ, concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see also In re Anders Briefs, 581 So.2d 149 (Fla.1991) (permitting appellate counsel to raise minor sentencing error claims in Anders briefs).

. The order concluded that $380 in costs must be stricken: the $200 fine imposed pursuant to section 775.083, Florida Statutes (2009), and the related surcharges imposed pursuant to sections 938.04 ($10) and 938.06 *1187 ($20) because these amounts were not separately orally pronounced at the sentencing hearing; the $50 prosecution investigative costs imposed pursuant to section 938.27 because there was no evidence that the costs had been requested by the State; and the $100 indigent legal assistance fee imposed pursuant to section 938.29(1) because Appellant was not given notice of his right to challenge the amount of the fee. The order rejected Appellant's claim that the "ICDTF” (i.e., Indigent Criminal Defense Trust Fund) assessments totaling $50 must be stricken, and Appellant does not challenge that ruling on appeal.

. We question whether it is a prudent use of judicial resources for the trial court to conduct the additional proceedings that would be necessary to reimpose $380 of stricken costs on an indigent defendant who is serving a 10-year prison sentence, but as we noted in Nix, 84 So.3d at 426 n. 2, that is a decision for the trial court to make in the first instance on remand.