PER CURIAM.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm Appellant’s conviction and sentence for grand theft. However, because the trial court struck the fíne imposed and because the offense occurred between May 2007 and February 2008, the $20 cost for the Crime Stoppers Trust Fund imposed pursuant to section 938.06(1), Florida Statutes, must also be stricken. See Harris v. State, 100 So.3d 245, 246 (Fla. 1st DCA 2012); Chamblee v. State, 93 So.3d 1184, 1186 (Fla. 1st DCA 2012); Clavelle v. State, 80 So.3d 456, 457 (Fla. 1st DCA 2012); Mallory v. State, 70 So.3d 738, 738 (Fla. 1st DCA 2011); Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011); Lang v. State, 856 So.2d 1105, 1106 (Fla. 1st DCA 2003); see also Spear v. State, 109 So.3d 232 (Fla. 1st DCA 2013) (holding that the $20 cost imposed pursuant to section 938.06(1) is mandatory whether or not a fine is imposed for offenses committed after the July 1, 2010, effective date of the amendment to the statute).
We also conclude that the $100 cost imposed pursuant to section 938.27(8), Florida Statutes, must be stricken given that the offense was committed prior to the effective date of the 2008 amendment which imposed a mandatory cost of no less than $100 when a felony offense is charged. See Massengale v. State, 69 So.3d 1095, 1095 (Fla. 1st DCA 2011) (accepting the appellant’s argument that the trial court erred in imposing the mandatory $100 cost of prosecution pursuant to the 2008 version of section 938.27(8) because the appellant’s offenses were committed before the amendment’s effective date); see also Hills v. State, 90 So.3d 927, 928 (Fla. 1st DCA 2012) (noting that while the imposition of the costs of prosecution pursuant to section 938.27 was historically discretionary and, therefore, required a request by the State for such costs, the 2008 amendment removed the trial court’s discretion to impose the costs and created mandatory minimum costs). The record provides no indication that the State requested or established $100 for the cost of prosecution.
Accordingly, we AFFIRM Appellant’s conviction and sentence, STRIKE the $20 and $100 costs, and REMAND for entry of a corrected judgment.
CLARK, WETHERELL, and MAKAR, JJ., concur.