PER CURIAM.
Kalvin Youman brought these six consolidated appeals pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel contends that the trial court erred in imposing certain costs in two of these cases. We affirm the convictions and sentences in 1D12-2471, 1D12-2473, 1D12-2474, and 1D12-2475. While affirming the convictions in 1D12-2470 and 1D12-2472, we strike the $100 cost of indigent legal assistance and the $20 court cost (Crime Stopper Trust Fund) in these two cases and remand for corrected cost judgments. We affirm the sentences in 1D12-2470 and 1D12-2472 in all other respects.
The trial court accepted Youman’s pleas in all six cases and imposed sentences in accordance with the terms of the plea agreement. Youman filed a timely Florida Rule of Criminal Procedure 3.800(b)(2) motion challenging the imposition of the $100 cost for indigent legal assistance pursuant to section 938.29(l)(a), Florida Statutes, and the $20 court cost imposed pursuant to section 938.06(1), Florida Statutes, in all six cases. The trial court granted the motion and made the corrections in 1D12-2471, 1D12-2473, 1D12-2474, and 1D12-2475. Because the court failed to rule on this motion within sixty days in 1D12-2470 and 1D12-2472, however, the motion is deemed denied as to these two cases. See Fla. R.Crim. P. 3.800(b)(2)(B); Gallegos v. State, 63 So.3d 20 (Fla. 2d DCA 2011); Long v. State, 886 So.2d 280, 281 (Fla. 1st DCA 2004).
Anders counsel argues that, because the trial court imposed the $100 cost without informing Youman of his right to contest the amount of the lien, this cost must be stricken from the judgments in 1D12-2470 and 1D12-2472, and the case remanded for appropriate procedures. We agree. See § 938.29(5), Fla. Stat. (2008); Fla. R.Crim. P. 3.720(d)(1); In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991) (allowing preserved minor sentencing errors imposing costs to be raised in an Anders appeal); Kirkland v. State, 106 So.3d 4, 5 (Fla. 1st DCA 2013) (striking the Public Defender fee and remanding for the trial court to advise defendant of the right to a hearing to contest it).
Counsel asserts also that, where the trial court imposed no fine, it was error to add the $20 cost as an “additional surcharge” in 1D12-2470 and 1D12-2472, which involved January 2009 offenses. This is true under the particular facts of these two cases. See § 938.06(1), Fla. Stat. (2008); Kirkland,, 106 So.3d at 5; cf. Spear v. State, 109 So.3d 232 (Fla. 1st DCA 2013) (rehearing en banc) (finding no error in imposing the $20 court cost pursuant to section 938.06, as amended, effective July 1, 2010).
Accordingly, we strike the $100 indigent legal assistance lien imposed under section 938.29(l)(a), Florida Statutes, and the $20 court cost imposed under section 938.06(1), Florida Statutes (2008), in 1D12-2470 and 1D12-2472, and remand for correction of the sentencing errors. We affirm the convictions and sentences in all other respects.
AFFIRMED in part, REVERSED in part, REMANDED.
BENTON, C.J., RAY, and MAKAR, JJ., concur.