IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERIC MICHAEL CRAPSER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-2929

Opinion filed September 16, 2014.

An appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for
Appellant.

Pamela Jo Bondi, Attorney General, and Wesley Paxson, III, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      We affirm without discussion appellant's conviction and sentence for battery

and lewd or lascivious molestation following a jury trial. Although appellant

asserts the order of probation erroneously indicates that he entered a plea of nolo

contendere, this claim is moot because the trial court granted appellant's motion to

correct this sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). However, the state properly concedes the trial court erred in assessing several statutory fines and costs.

First, the imposition of the $2100 fine pursuant to section 775.083(1), Florida Statutes (2007), the associated surcharge of $105 pursuant to section 938.04, Florida Statutes (2007), and the $20 cost pursuant to section 938.06, Florida Statutes (2007), was erroneous because the trial court did not individually pronounce the discretionary $2100 fine during sentencing. Giles v. State, 103 So. 3d 1058 (Fla. 1st DCA 2013); Nix v. State, 84 So. 3d 424 (Fla. 1st DCA 2012); Mallory v. State, 70 So. 3d 738 (Fla. 1st DCA 2011). On remand, the trial court may reimpose the fine, surcharge, and cost after providing proper notice and an opportunity to be heard. Giles, 103 So. 3d at 1058; Nix, 84 So. 3d at 426.

Next, the additional cost imposed pursuant to section 938.05, Florida Statutes (2007), must be reduced from $225 to $200. Clavelle v. State, 80 So. 3d 456 (Fla. 1st DCA 2012); Swift v. State, 53 So. 3d 394 (Fla. 2d DCA 2011). Similarly, the additional cost imposed pursuant to section 938.10(1), Florida Statutes (2007), must be reduced from $151 to $101.

Finally, the $100 mandatory cost of prosecution pursuant to section 938.27(8), Florida Statutes (2008), must be stricken because appellant's offenses were committed before July 1, 2008, the effective date of the authorizing statute.

Sims v. State, 110 So. 3d 975, 976 (Fla. 1st DCA 2013); Massengale v. State, 69 So. 3d 1095 (Fla. 1st DCA 2011).

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

ROBERTS, MARSTILLER, and SWANSON, JJ., CONCUR.