IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BOBBY BERNARD BRADSHAW,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0724

Opinion filed October 14, 2014.

An appeal from the Circuit Court for Alachua County.
Ysleta W. McDonald, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public
Defender, Office of the Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant
Attorney General, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Bobby Bradshaw seeks review pursuant to Anders v. California, 386 U.S.

738 (1967) of the judgment of and sentence entered against him on one count each

of sale and possession of cocaine, in violation of sections 893.13(1)(a)(1), and

893.13(6)(a), Florida Statutes, respectively, following his open plea of *nolo*

*contendere*. Our review of the record reveals only one reversible error: the

imposition in the written sentence of a $100 "Appointed Counsel Attorney Fee," pursuant to section 938.29, Florida Statutes. The trial court failed to inform the defendant, as required by the statute, of his right to a hearing to dispute the amount of the indigent legal assistance lien created by the imposition of the cost of defense. See §938.29(1)(a) and (5), Fla. Stat.; Sharpe v. State, 115 So. 3d 1021, 1022 (Fla. 1st DCA 2013); Colson v. State, 114 So. 3d 415, 417 (Fla. 1st DCA 2013); Youman v. State, 112 So. 3d 693, 694 (Fla. 1st DCA 2013); DeSalvo v. State, 107 So. 3d 1185, 1186-87 (Fla. 1st DCA 2013).

Accordingly, we reverse the $100 Appointed Counsel Attorney Fee. On remand, the trial court may reimpose the fee if it follows the correct procedure in doing so. In all other respects, the judgment and sentence are affirmed.

VAN NORTWICK, PADOVANO, and MARSTILLER, JJ., CONCUR.