IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT B. TALBOT,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-0921

Opinion filed March 12, 2015.

An appeal from an order of the Circuit Court for Wakulla County.
N. Sanders Sauls, Judge.

Jeffrey E. Lewis, Regional Counsel, and Sheila Callahan and Michael Jerome
Titus, Assistant Regional Conflict Counsels, Tallahassee, for Appellant; Robert B.
Talbot, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate and Jennifer J. Moore,
Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

In this Anders appeal, the appellant filed a motion to correct sentencing error

pursuant to Florida Rule of Criminal Procedure 3.800(b), alleging that the trial

court erred by: (1) imposing two special conditions of probation which were not

orally pronounced at sentencing, (2) imposing a $2,000 fine pursuant to section

775.083, Florida Statutes (2009), without an oral pronouncement, (3) imposing a $100 surcharge on the fine pursuant to section 938.04, (4) imposing a $20 surcharge on the fine pursuant to section 938.06, and (5) imposing a $100 indigent legal assistance lien pursuant to section 938.29, without informing him of his right to a hearing to dispute the amount of the lien. We affirm the appellant's judgment and sentence, and the denial of the appellant's rule 3.800(b) motion to the extent the appellant challenged the probationary terms. However, we remand for the trial court to correct the sentencing errors raised in his rule 3.800(b) motion relating to the imposition of fees and costs.

In this case, the trial court announced fines and costs as a lump sum, but the oral pronouncement did not delineate the specific costs and fines included in the amount. As a result, the imposition of the $2000 discretionary fine pursuant to section 775.083, Florida Statutes (2009), and the surcharges imposed on that fine pursuant to sections 938.04 and 938.06,[1] must be reversed. See Nix v. State, 84 So. 3d 424, 426 (Fla. 1st DCA 2012). Additionally, we reverse the $100 indigent legal assistance lien pursuant to section 938.29, because the appellant was not informed of his right to a hearing to dispute the amount of the lien. See Harrison v. State, 146 So. 3d 76 (Fla. 1st DCA 2014). On remand, the trial court may either enter a

---

[1] Effective July 1, 2010, section 938.06 was amended to provide that the $20 assessment is a mandatory cost rather than an additional surcharge on any fine. See Spear v. State, 109 So. 3d 232 (Fla. 1st DCA 2013) (en banc). However, the appellant's crimes occurred in 2009, prior to the amendment.

corrected judgment striking the amounts, or it may reimpose those fines/costs after providing notice and following the proper procedure. See Nix, 84 So. 3d at 426; see also Williams v. State, 82 So. 3d 186 (Fla. 1st DCA 2012) (reversing judgment for fines, costs and surcharges "because the trial court failed to delineate the discretionary fine(s) when announcing at sentencing that it would impose $1,522.50 in costs and fines," and stating that the assessments may be reimposed on remand after giving Appellant notice and following the proper procedure); Bradshaw v. State, 148 So. 3d 831 (Fla. 1st DCA 2014) ("[W]e reverse the $100 Appointed Counsel Attorney Fee. On remand, the trial court may reimpose the fee if it follows the correct procedure in doing so."). In all other respects, the judgment and sentences are affirmed.

AFFIRMED in part; REVERSED in part; and REMANDED.

WOLF, BENTON, and RAY, JJ., CONCUR.