WOLF, J.
Appellant challenges his judgment and sentence. We agree with the State’s proper concession that appellant was illegally sentenced pursuant to a revised version of section 775.082(3), Florida Statutes, that was not yet in effect at the time appellant committed his crimes.
Pursuant to section 775.082(3)(b), Florida Statutes (2013), appellant should have been sentenced on each of the three counts of sexual battery by familial or custodial authority, a first-degree felony, to a term of imprisonment not exceeding 30 years. Appellant was improperly sentenced on each count to 30 years’ imprisonment followed by 15 years’ probation—a term longer than statutorily prescribed. Gonzales v. State, 816 So.2d 720, 721 (Fla. 5th DCA 2002) (“When a defendant is sentenced to a term in prison followed by probation, the combined times must not exceed the statutory maximum.”).
As to appellant’s conviction of two counts of lewd or lascivious molestation and one count of lewd or lascivious exhibition, all second-degree felonies, the maximum sentence on each count should have been 15 years’ imprisonment. § 775.082(3)(c), Fla. Stat. However, appellant was illegally sentenced to 15 years’ imprisonment to be followed by 15 years’ probation on each count.
Thus, as properly .conceded to by the State, appellant was illegally sentenced on all six counts. We, therefore, AFFIRM appellant’s convictions, but REMAND for resentencing on all counts.
On remand, the trial court should also address various scrivener’s errors noted by appellant, including a scrivener’s error in appellant’s criminal punishment code scoresheet that incorrectly notes appellant entered a plea.[1] Additionally, the trial court should be cognizant that if it orders appellant to pay discretionary costs, fines, or surcharges on remand, it must give appellant notice and an opportunity to be heard. Brooks v. State, 676 So.2d 48, 48 (Fla. 1st DCA 1996).[2]
ROWE and KELSEY, JJ., CONCUR.

. Additional scrivener’s errors include that the written order of probation incorrectly stated appellant had been convicted of three counts of lewd or lascivious molestation, when he was actually convicted of two counts of lewd or lascivious molestation and one count of lewd or lascivious exhibition, and that the written judgment and sentence noted appellant, on the lewd or lascivious exhibition count, violated subsection 800.04(7)(c), Florida Statutes (2013), when appellant actually violated subsection 800.04(7)(b), Florida Statutes. However, because this case is being remanded for resentencing, a new order of probation and judgment and sentence will be entered.

. When originally sentencing appellant, the court ordered a lump sum of court costs without giving appellant notice and an opportunity to be heard regarding the discretionary costs. That was improper. Giles v. State, 103 So.3d 1058, 1058 (Fla. 1st DCA 2013) (holding a fine pursuant to section 775.083 was discretionary, and because it and its accompanying surcharge pursuant to section 938.04 were not specifically announced during the sentencing hearing, they should be stricken).