# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-2230
_____

DEONTRA R. FRENCH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Gadsden County.
Barbara K. Hobbs, Judge.

June 4, 2018


PER CURIAM.

Deontra French beat a man to death at the Florida State Hospital. He was convicted of manslaughter and sentenced to ten years. This is his appeal.

French's appointed counsel originally filed an initial brief raising just one issue: that the trial court failed to enter a written order on competency. The same brief acknowledged that the trial court *orally* ruled French competent to proceed, and the brief did not challenge the correctness of that ruling. The brief did not seek a reversal; it asked only that we require the trial court to put its unchallenged oral ruling into writing.

Because the initial brief sought no relief that would have benefitted French, this court entered an order directing counsel to

file an amended initial brief that complied with the obligations outlined in *In re Anders Briefs*, 581 So. 2d 149, 151 (Fla. 1991). Counsel did so, asserting in the new brief that after a comprehensive review of the record, counsel was unable to make a good faith argument for reversal. We then conducted our own full review, *see State v. Causey*, 503 So. 2d 321, 323 (Fla. 1987) ("[P]ursuant to *Anders*, in order to assure indigents fair and meaningful appellate review, the appellate court must examine the record to the extent necessary to discover any errors apparent on the face of the record."), which led to the discovery of an error regarding costs imposed at sentencing, *see Nix v. State*, 84 So. 3d 424, 425-26 (Fla. 1st DCA 2012) (reversing fines imposed pursuant to sections 775.083 and 938.04 because the fines were not specifically pronounced at the sentencing hearing).

Having identified a sentencing error, we entered an order striking the *Anders* brief and directing counsel to file a rule 3.800 motion to correct the sentence in the lower court. *See* Fla. R. App. P. 9.140(g)(2)(B). Counsel did so, and the trial court modified the sentence by removing the costs at issue.

The case is now back before us. After completing our review, which turned up no other arguable bases for reversal, we affirm.

AFFIRMED.

KELSEY, WINOKUR, and WINSOR, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

Melissa J. Ford, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.