# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-2194

———————————————

BOOKERTEE HARTFIELD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Walton County.
C. Kevin Wells, Judge.

February 28, 2024

WINOKUR, J.

Bookertee Hartfield pleaded no contest to selling methamphetamine and using a two-way communications device to sell methamphetamine. He was sentenced to five years in prison for each count, to run concurrently. On appeal, Hartfield argues that the trial court erred in denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct a sentencing error and that certain costs imposed, as part of his sentence, should be stricken. We affirm in part and reverse in part.

## I.

Hartfield first challenges the imposition of a $100 fee under section 938.27(8), Florida Statutes. He argues the State must have requested the cost for it to be imposed. We disagree.

In *Parks v. State*, 371 So. 3d 392 (Fla. 1st DCA 2023), we held that a cost imposed under section 938.27(8) is mandatory and is not "an 'investigative' cost incurred by an agency as described in section 938.27(1), which can only be imposed 'if requested' by the agency." *Parks*, 371 So. 3d at 392–93. Accordingly, we affirm the trial court's imposition of the $100 cost under section 938.27(8).

## II.

Next, Hartfield challenges the imposition of a $100 cost under section 938.05(1)(b), Florida Statutes, because he was not convicted of a misdemeanor. The State concedes, and we agree, that the misdemeanor cost was improperly imposed. Accordingly, we reverse the imposition of the $100 cost under section 938.05(1)(b).*

## III.

Third, Hartfield challenges the imposition of a $300 public defender fee under section 938.29(1)(a), Florida Statutes, arguing the cost was excessive without the requisite findings by the trial court. Here, too, the State concedes error. We agree.

Section 938.29(1)(a) provides that

---

* At the time of Hartfield's offenses, a person was required to pay as a cost $225 for felonies and $60 for misdemeanors. § 938.05(1), Fla. Stat. (2020). Hartfield was required to pay $100 for a misdemeanor—which was improper, in addition to higher than the statutorily mandated $60—but only $200 for the felonies, which he did commit. It is unclear why the trial court only imposed $200 when he was convicted of a felony.

[a] defendant who is convicted of a criminal act . . . and who has received the assistance of the public defender's office . . . or a private conflict attorney . . . shall be liable for payment of the assessed application fee under [section] 27.52 and attorney's fees and costs. Attorney's fees and costs shall be set in all cases at no less than $50 per case when a misdemeanor . . . and no less than $100 per case when a felony offense is charged . . . The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred.

§ 938.29(1)(a), Fla. Stat. During the proceedings below, Hartfield was represented by the public defender's office, making him subject to the $100 cost under section 938.29(1)(a). But the trial court imposed a higher cost, $300, without "a showing of sufficient proof of higher fees or costs incurred" as required by the statute. Accordingly, we reverse this imposition.

## IV.

Last, Hartfield challenges the imposition of a $100 Florida Department of Law Enforcement (FDLE) fee under section 938.055, Florida Statutes, arguing the imposition was improper because the State did not request it. The State maintains the cost is mandatory. We disagree with both readings of the statute.

Section 938.055 states that

[A] court *may* assess a defendant who pleads guilty or nolo contendere . . . an amount of $100 . . . . This amount *shall* be assessed *if* the services of a local county-operated crime laboratory enumerated in s. 943.35(1) are used in connection with the investigation or prosecution of a violation of any provision of chapters 775-896.

§ 938.055, Fla. Stat. (emphasis supplied). A plain reading of the statute shows that the cost under this section is discretionary, unless a local county-operated crime laboratory is utilized "in connection with the investigation or prosecution," in which case the cost is mandatory. *Id.*

3

Because no local county-operated crime laboratory was utilized in this case, the cost was discretionary. But a trial court must afford the defendant notice and an opportunity to be heard before it may impose a discretionary cost at sentencing. *See Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012).

Because no notice and an opportunity to be heard on the cost was provided, the $100 cost under section 938.055 is reversed. On remand, the trial court may, after providing notice to Hartfield and following the proper procedure, reimpose the FDLE and higher-than-minimum public defender costs.

AFFIRMED in part, REVERSED in part, REMANDED with directions.

OSTERHAUS, C.J., and B.L. THOMAS, J., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Jessica J. Yeary, Public Defender, Megan Lynne Long and Lori A. Willner, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Michael L. Schaub, Assistant Attorney General, Tallahassee, for Appellee.