FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-4069
_____

LAGREGORY TASAVION JAQUAN
GRIGGES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.

October 9, 2024

LONG, J.

Appellant LaGregory Grigges appeals his judgment and sentence for one count of first-degree felony murder with a firearm and two counts of robbery with a firearm. He asserts that the trial court's failure to declare a mistrial or strike the jury venire following a prospective juror's comment was fundamental error, and that the trial court erred when it denied his motion to correct a sentencing error. We affirm for the reasons discussed below.

*Juror Comments*

During jury selection, a prospective juror, who was a correctional officer, said, "I don't believe I know anybody, but the defendant, I don't know if he was at the Bay County Jail when I

worked there." The correctional officer did not ultimately serve on the jury. Trial defense counsel made no objection to the statement. Nor did defense counsel move for a mistrial or to strike the panel.

On appeal, Grigges argues that the comment suggested he had a criminal history and that he had served time in jail before. He contends that the trial court's failure to sua sponte declare a mistrial or strike the rest of the jury panel was fundamental error that violated his constitutional right to a fair and impartial jury.

"Fundamental error is defined as error which goes to the essence of a fair and impartial trial, error so fundamentally unfair as to amount to a denial of due process." *Sparks v. State*, 740 So. 2d 33, 35 (Fla. 1st DCA 1999). Fundamental error has also been defined as "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Allen v. State*, 137 So. 3d 946, 958 (Fla. 2013).

Here, the comment is akin to that of the prospective juror in *Joseph v. State*, 296 So. 3d 962 (Fla. 1st DCA 2020). *Joseph* involved an x-ray technician at a jail that said the defendant "looks familiar" and that they "may" have interacted in the course of her work. *Id*. at 964. Unlike other juror comment cases, in *Joseph*, we did not have the same concerns about whether the defendant received an impartial jury and a fair trial. We noted that the prospective juror did not serve on the panel, and we concluded that the comments were "non-committal statement[s]." *Id*.

We pause to highlight the underlying issue in these juror-comment cases. The goal is to avoid tainting the jury with information it would not otherwise have that suggests the defendant has engaged in criminal conduct other than the alleged criminal activity that forms the basis of the trial at hand. With that in mind, we turn to the comment here. Like the comments in *Joseph*, the correctional officer's comments were non-committal. He did not confirm that he had contact with Grigges at the jail. He said, "I *don't know* if he was at the Bay County Jail when I worked there." But even if he had confirmed this, he said nothing of the frequency with which he had seen him, under what conditions Grigges was visiting the jail, or when this may have occurred. Even if we assume the comment suggests that Grigges had, at

some point, been in custody at the jail, the comment tells the jury nothing beyond that which it can already reasonably infer. It is unextraordinary and entirely reasonable for a jury to assume a defendant charged with first-degree murder was arrested and booked into the jail when first charged. There is no prejudice in such a mundane comment. As noted above, a defendant can suffer unfair prejudice when a comment suggests *other* criminal conduct. But it is not a shock to a criminal trial jury to hear that the defendant has been charged with a crime. Nothing in the correctional officer's comment here indicates that he knew Grigges from previous charges or other criminal conduct.

Nevertheless, even assuming the comments suggested prior criminal conduct, Grigges admitted his criminal history on cross-examination. This admission negates any unfair prejudice he could have suffered. Grigges has, therefore, failed to demonstrate fundamental error.

*Imposition of Fees*

Grigges also argues that the trial court erred when it denied his motion to correct a sentencing error. He contests the trial court's imposition of a $100 cost of prosecution, a $150 discretionary public defender fee, a discretionary fine of $200, and a corresponding surcharge of $10. We affirm the cost of prosecution without further discussion. *See Parks v. State*, 371 So. 3d 392 (Fla. 1st DCA 2023). Appellant contends that the remaining assessments were not orally pronounced at sentencing, therefore, he was not given adequate notice and an opportunity to be heard.

A defendant has a right to have discretionary fines "orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard." *Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012). In *Johnson v. State*, 293 So. 3d 582 (Fla. 1st DCA 2020), we noted that a defendant could waive this right. Although Johnson waived the reading of the statutory authority for the amounts, we reversed because he did not waive the pronouncement of each individual fee.

Here, Grigges was given notice that the trial court intended to impose $1,028 in fines and costs. The trial court then asked

3

Grigges if he would like for the court to orally pronounce a breakdown of the costs and fines in open court or if he preferred to waive the oral pronouncement. Grigges elected to waive the oral pronouncement. He was then provided with a written breakdown of each fee and its statutory basis. This was sufficient to provide meaningful notice and an opportunity to be heard.

Adopting Grigges' position here would have the effect of prohibiting waiver and it could incentivize a defendant to say nothing about fees even when given an opportunity to be heard. Defendants are free to waive substantive rights—the right to counsel, the right to remain silent, the right to a jury trial, the right to be present at trial, the right to appeal. Nothing in *Johnson* or *Nix* suggests that defendants are prohibited from waiving the oral pronouncement of fees and costs.

We do not intend to be overly formalistic with the imposition of fines and costs. The law demands that each defendant know what is being imposed and have an opportunity to be heard. But there are multiple ways to accomplish this, and trial courts are free to establish their own local practices. We have reversed when it was not clear that the defendant knew the nature of the fees or did not have a meaningful opportunity to address them. This case does not present the concerns that produced *Johnson*, *Nix*, and the line of cases reversing for inadequate oral pronouncements. Grigges was given notice and an opportunity to be heard, and, on appeal, he has failed to demonstrate any basis for disregarding his express waiver.

AFFIRMED.

OSTERHAUS, C.J., and M.K. THOMAS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Darcy O. Townsend, Assistant Attorney General, Tallahassee, for Appellee.