STONE, J.
Foster was convicted under section 859.01, Florida Statutes, of poisoning food or water. She contends that the undefined term “poison” is vague and that the statute is, therefore, unconstitutional on its face and as applied.
The amended information tracks the 2000 version of section 859.01. The statute provides:
*744 Whoever mingles any poison with food, drink, or medicine with intent to kill or injure another person, or willfully poisons any spring, well, or reservoir of water with such intent, shall be guilty of a felony of the first degree....
§ 859.01, Fla. Stat. (2000).
“The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct.” Sieniarecki v. State, 756 So.2d 68, 74 (Fla.2000) (quoting Brown v. State, 629 So.2d 841, 842-13 (Fla.1994)). “The language of the statute must ‘provide a definite warning of what conduct’ is required or prohibited, ‘measured by common understanding and practice.’ ” Id.
Here, there is no statutory definition of poison. However, the legislature’s failure to define a statutory term, taken alone, does not render a provision unconstitutionally vague. See State v. Hagan, 387 So.2d 943, 945 (Fla.1980). “[WJhere a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense.” Jones v. Williams Pawn & Gun, Inc., 800 So.2d 267, 270 (Fla. 4th DCA 2001) (citing Plante v. Dep’t of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 685 So.2d 886 (Fla. 4th DCA 1996); State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996)).
We conclude that the term “poison” has a plain and ordinary meaning that is accepted and may be understood by a person of ordinary intelligence, so as to place the person on notice of forbidden conduct.
Webster’s New Collegiate Dictionary defines poison as “a substance that through its chemical action usually kills, injures, or impairs an organism.” Webster’s New Collegiate Dictionary 881 (1980). The American Heritage Dictionary defines poison as “a substance that causes injury, illness or death, especially by chemical means.” American Heritage Dictionary 958 (2d Coll. ed. 1985). The Oxford Encyclopedic English Dictionary defines poison as “a substance that when introduced into or absorbed by a living organism causes death or injury, especially one that kills by rapid action even in a small quantity.” Oxford Encyclopedic English Dictionary 1118 (2d ed. 1995).
Because “poison” has an accepted meaning that can be understood by a person of ordinary intelligence, the cases relied on by Foster, wherein our supreme court and the United States Supreme Court found vague statutory terms constitutionally deficient, are distinguishable. See Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (finding word “gang” to be unconstitutionally vague where, inter alia, word was not properly defined in the statute, and dictionaries had varied meanings); United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921) (holding statutory language “That it is hereby made unlawful for any person willfully ... to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries” unconstitutionally vague); Brown v. State, 629 So.2d. 841 (Fla.1994) (finding statute containing phrase “public housing facility” unconstitutionally vague); Cuda v. State, 639 So.2d 22 (Fla.1994) (holding terms “improper or illegal,” as used in statute prohibiting financial exploitation of aged or disabled adult, unconstitutionally vague).
Foster’s argument that the statute is vague because it encourages arbitrary and discriminatory enforcement in failing to provide what dosage constitutes poison is also unpersuasive. Our supreme court has recognized, “The legislature cannot be expected to list every possible substance which causes harm when present *745 in sufficient quantities. This would be an impossible standard to meet and is not mandated by our constitution.” State v. Hamilton, 388 So.2d 561, 563 (Fla.1980) (citations omitted).
Foster’s argument regarding unconstitutional application is waived, as it was not raised until her motion for new trial. See Trushin v. State, 425 So.2d 1126, 1129-30 (Fla.1982). In any event, the statute was not unconstitutional as applied in this case. Here, the FBI chemist, Quenzer, testified that Brodifacoum substance was a poison and is commercially available as rat poison. Foster admitted pouring the poison into the victim’s drink, and it was captured on videotape. She testified that she did this, “[n]ot to hurt him, just to make him sick....”
Therefore, the judgment and sentence are affirmed.
STEVENSON, C.J. and BATEMAN, THOMAS H., Ill, Associate Judge, concur.