PER CURIAM.
Earl C. Ogden appeals his judgments and sentences for possession of cocaine, possession of controlled substance paraphernalia, and burglary of a dwelling. The drag crimes were the subject of one case, and the burglary was the subject of another. Following our review pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm his convictions and sentences but remand for correction of the judgments concerning costs.
Ogden filed a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the court erred in imposing certain costs without orally pronouncing them: a $65 cost under section 939.185(l)(a), Florida Statutes (2010), in both cases; a $100 cost under section 938.25, Florida Statutes (2010), in the drug case; and sheriffs and prosecutor’s investigative costs under section 938.27, Florida Statutes (2010), in both cases. Ogden also argued that the investigative costs were improperly imposed because the agencies did not request them, as required for their imposition by section 938.27(1). Although the trial court granted Ogden’s motion in part, the order granting partial relief and the amended judgments and sentences were filed more than sixty days from the date Ogden filed the motion. Thus, the order and resulting amended judgments and sentences are legal nullities. Fla. R. Crim. P. 3.800(b)(2); Williams v. State, 72 So.3d 285, 285 (Fla. 1st DCA 2011); Brown v. State, 61 So.3d 1238, 1238 (Fla. 1st DCA 2011); Campbell v. State, 789 So.2d 1213, 1214 (Fla. 1st DCA 2001).
Although a mandatory cost need not be orally pronounced, it is error to impose a discretionary cost without orally pronouncing it. Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). The cost imposed under section 939.185(l)(a) and the local ordinance implementing it may stand, as it is not discretionary. However, the cost imposed under section 938.25 is discretionary and was not orally pronounced. Therefore, it must be stricken at this juncture. The investigative costs imposed under section 938.27 also must be stricken because the agencies did not request them. Accordingly, we affirm the convictions and sentences and remand this case to the trial court to strike the improperly imposed costs. The court may reimpose the section 938.25 cost after providing notice to Ogden and following the proper procedures. Nix, 84 So.3d at 426. It may not, however, reimpose the investigative costs imposed under section 938.27. DeSalvo v. State, 107 So.3d 1185, 1187 (Fla. 1st DCA 2013). If the trial court elects not to reimpose the section 938.25 cost, Ogden need not be present for the entry of the corrected judgments and sentences. Id.
AFFIRMED in part, REVERSED in part, and REMANDED.
LEWIS, C.J., CLARK, and RAY, JJ., concur.