REVISED OPINION
VAN NORTWICK, J.
Christopher Douglas Weeks was convicted of possession of a firearm by a convicted felon, a violation of section 790.23, Florida Statutes (2012). He challenges his conviction arguing section 790.23 is unconstitutionally vague. Because we conclude that section 790.23 is unconstitutional with respect to the possession of a replica of an antique firearm by a convicted felon, we reverse the conviction, vacate the corresponding sentence, and certify conflict with Bostic v. State, 902 So.2d 225 (Fla. 5th DCA 2005).
Weeks was arrested on February 4, 2012, for several offenses, including possession of a firearm by a convicted felon, a violation of section 790.23. For purposes of chapter 790, Florida Statutes, a firearm is defined so as to exclude an antique. § 790.001(6). An “antique firearm” is in turn defined in section 790.001(1) as a firearm manufactured in or before 1918 or any replica thereof. Weeks filed a motion to dismiss that count of the information relating to possession of a firearm on two grounds, including the ground that section 790.23 is unconstitutionally vague. The trial court correctly denied Weeks’ motion to dismiss on the ground of vagueness because it was bound by the decision in Bostic in which the Fifth District rejected a similar constitutional challenge. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (explaining that absent an inter-district conflict, the decision of any district court of appeal is binding on a county or circuit court). Following the trial court’s denial of Weeks’ motion to dismiss, he entered a no contest plea; the State and appellant stipulated that the denial of the motion to dismiss was dispositive.
Weeks argues on appeal that given the multiple meanings which may be assigned to the term replica, as found in section 790.001(1), a person of ordinary intelligence is not given fair notice of what conduct is forbidden by section 790.23. He asserts that the term replica may be understood in various ways, and the resulting confusion as to the meaning of this term makes it impossible for the statute to “provide a definite warning of what conduct is *83 required or prohibited.” Warren v. State, 572 So.2d 1376,1377 (Fla.1991). As noted, we agree.
Section 790.23(1) provides that possession of a “firearm” by a convicted felon constitutes a second degree felony. The term “firearm” is elsewhere defined so as to exclude “an antique firearm unless the antique firearm is used in the commission of a crime.” § 790.001(6), Fla. Stat. The term “antique firearm” is in turn defined as follows:
(1) “Antique firearm” means any firearm manufactured in or before 1918 (including any matchlock, flintlock, percussion cap, or similar early type of ignition system) or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.
§ 790.001(1), Fla. Stat. (2012) (bold added). Thus, the term “antique firearm” not only includes a firearm manufactured in or before 1918 which may possess a matchlock, flintlock, percussion cap, or a firearm with a similar firing system, but also a replica of such. Given this definition, the firing or ignition mechanism of the firearm determines whether a firearm qualifies as an “antique firearm” or a replica thereof regardless of the date of manufacture. Significantly, section 790.23 does not define the term “replica.” Weeks possessed a black powder muzzle loader rifle with a percussion cap firing system. It is undisputed that this type of firing system is of ancient vintage. His firearm also had a scope. Given the type of firing system, his firearm was arguably a replica of an antique, regardless of the scope. See § 790.001(1), Fla. Stat.
Constitutional challenges are pure questions of law subject to de novo review. Russ v. State, 832 So.2d 901, 906 (Fla. 1st DCA 2002). Further, statutes should be construed “in such a manner as will be conducive to its constitutionality.” Dep’t of Legal Affairs v. Rogers, 329 So.2d 257, 265 (Fla.1976). When there is a doubt as to a statute’s vagueness, the doubt should be resolved “in favor of the citizen and against the state.” Brown v. State, 629 So.2d 841, 843 (Fla.1994) (quoting State v. Wershow, 343 So.2d 605, 608 (Fla.1977)).
The standard for testing vagueness under Florida law is whether the challenged statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. Brown v. State, 629 So.2d 841, 842 (Fla.1994) (citing Papa-christou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)). Therefore, the language of the statute must “provide a definite warning of what conduct is required or prohibited, measured by common understanding and practice.” Warren v. State, 572 So.2d 1376,1377 (Fla.1991).
As already observed, the statute does not define the term “replica.” The Legislature’s failure to define a statutory term does not necessarily render a provision unconstitutionally vague. See Foster v. State, 937 So.2d 742, 744 (Fla. 4th DCA 2006). Case law and other statutes may provide a reasonable definition. See Brown v. State, 629 So.2d at 843. In the absence of a statutory definition, words of common usage are to be construed according to their plain and ordinary meaning which can be ascertained by reference to a dictionary. Jones v. Williams Pawn & Gun, Inc., 800 So.2d 267, 271 (Fla. 4th DCA 2001).
In Bostic, the majority held that the term “replica” should be defined in accor *84 dance with Florida case law “as meaning a reasonably exact reproduction of the object involved that, when viewed, causes the person to see substantially the same object as the original.” 902 So.2d at 228 (citing Harris v. State, 843 So.2d 856, 863 (Fla.2003)). Applying this definition, the Bostic court concluded that “it is clear that merely having an ignition system similar to that found on an antique firearm is not sufficient to render a firearm a ‘replica’ of a firearm manufactured in or before 1918.” Id. at 228-29. Thus, the statute gives reasonable notice of the conduct it prohibits. 902 So.2d at 229. The Bostic court emphasized that the defendant there had altered the firearm by adding a fiber optic sight, holding that “[t]he rifle possessed by the defendant, which included visible differences from an antique firearm such as a fiber optic sight, was not a ‘replica’ of a firearm manufactured in or before 1918.” Id.
Like the majority in Bostic, the State in this case argues that Weeks possessed a firearm that was visually distinct from a firearm manufactured in or before 1918, and thus it could not be deemed a replica. The difference between Weeks’ firearm and a 1918 firearm was a scope added by him, which apparently was not available in or before 1918. The State argues that because anyone could plainly see that Weeks’ firearm was not an exact copy of a weapon manufactured in or before 1918, his firearm was not a replica and his conviction should stand.
However, it is not apparent that “common understanding and practice” equates a replica with an exact copy. See Warren. Black’s Law Dictionary does not define the term “replica.” Webster’s New Universal Unabridged Dictionary (Deluxe Second Edition) defines replica as “any very close reproduction or copy.” For some, a firearm with a percussion cap firing system as well as a scope may still be a reasonably exact reproduction of an antique firearm so as to qualify as a replica. After all, the distinctive feature of an antique firearm as defined in section 790.001 is the firing system. As noted, when there is a doubt as to a statute’s vagueness, the doubt should be resolved “in favor of the citizen and against the state.” Brown v. State, 629 So.2d at 843.
The case on which the State and the Bostic court have relied, Harris v. State, is distinguishable from the case before us. While it defined the term “replica,” the Harris court was referring to an object which could be used at trial as demonstrative evidence. 843 So.2d at 863. A replica, as demonstrative evidence, must be a reasonably exact reproduction so that the jury is not misled as to the nature of the original. Id. Thus, in Harris, the court was eager to avoid misleading a jury. No such concern is presented in the case at bar.
We recognize that the Supreme Court of Florida in Williams v. State, 492 So.2d 1051, 1054 (Fla.1986), receded from on other grounds, Brown v. State, 719 So.2d 882 (Fla.1998), declined to
construe the antique “or replica” exceptions of section 790.23 in such a way as to condone the concealment, by a convicted felon, of a firearm which may possibly be a replica of an antique, but is obviously operable and loaded with live ammunition. We do not believe that the legislature, when enacting section 790.23 intended that a convicted felon could be acquitted when possessing a concealed, loaded weapon by using the excuse that the weapon is an antique or a replica thereof.
The Supreme Court in Williams did not consider specifically a challenge to the constitutionality of section 790.23. Instead, *85 the issue before the court was whether the trial court erred in denying a motion for a judgment of acquittal made on the ground that the defendant has created reasonable doubt as to whether the gun in question in that case was an antique or a replica thereof. Given this distinct procedural posture, it does not control our review of the denial of Weeks’ motion to dismiss.
In sum, we hold section 790.23 is unconstitutionally vague as to antique replica firearms because the phrases “firearm” and “antique firearm” defined in chapter 790, do not give adequate notice of what constitutes a permissible replica of an antique firearm which may be lawfully carried by a convicted felon; therefore, arbitrary and discriminatory enforcement of section 790.23 may result. Accordingly, we reverse Weeks’ conviction for possession of a firearm by a convicted felon, vacate his sentence therefor, and remand for further proceedings; we certify conflict with Bostic.
WOLF, J„ concurs, and WETHERELL, J., concurs in result.