PER CURIAM.
Appellant raises four minor sentencing errors in this Anders appeal: (1) imposition of a $230 cost pursuant to section 938.05(l)(a), Florida Statutes (2009), when the statutory maximum is $225; (2) imposition of a $415 cost pursuant to section 775.083(2) when the statutory maximum is $50; (3) imposition of the $100 cost of prosecution without citing the statutory basis for the cost; and (4) imposition of the $100 cost of defense without citing the statutory basis for the cost or giving Appellant an opportunity to contest the amount of the cost. We affirm Appellant’s convictions and prison sentences without comment, but based upon the State’s concession of error in its response to our Harrison[1] order, we remand for the trial court to correct the sentencing errors raised by Appellant.[2]
*733 AFFIRMED and REMANDED with directions.
PADOVANO, WETHERELL, and SWANSON, JJ., concur.

. Harrison v. State, 146 So.3d 76 (Fla. 1st DCA 2014) (on motion for rehearing).

. We recognize that the trial court entered an order on April 14, 2014, affording Appellant *733 an opportunity to contest the cost of defense and directing the clerk of the lower tribunal to correct the other cost issues raised by Appellant, but that order (and the resulting corrected judgment and sentence) is a nullity because it was filed more than 60 days after Appellant filed his rule 3.800(b)(2) motion. See Fla. R. Crim. P. 3.800(b)(1)(B); Ogden v. State, 117 So.3d 479 (Fla. 1st DCA 2013). That said, we see no reason that the trial court could not simply reenter that order on remand.