IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CORTEZ HATTEN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5504

Opinion filed November 6, 2014.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Melissa Joy Ford, Assistant Conflict Counsel, Office of Criminal Conflict and
Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

In this direct appeal, Appellant seeks review of his judgment and sentence

for manslaughter (count I), attempted second degree murder (count III), and

possession of a firearm by a convicted felon (count V).  He raises five issues:  (1) the trial court erred in denying his motion for judgment of acquittal on count III; (2) the jury instructions for justifiable use of deadly force were fundamentally erroneous; (3) the statute upon which count V was based is unconstitutionally vague; (4) his 40-year sentence for count I is illegal because the 25-year mandatory minimum imposed for that count under the 10-20-Life statute already exceeded the statutory maximum for manslaughter and no other statute authorized the portion of the sentence exceeding the mandatory minimum; and (5) the trial court erred in imposing several costs.  The latter two issues were preserved by a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

We affirm the first and second issues without comment.  We affirm the third issue based upon Weeks v. State, 146 So. 3d 81 (Fla. 1st DCA 2014), and Kraay v. State, 39 Fla. L. Weekly D1950 (Fla. 1st DCA Sept. 10, 2014).  We affirm the fourth issue based upon Kelly v. State, 137 So. 3d 2 (Fla. 1st DCA 2014), and as we did in Kelly, we certify conflict with Wiley v. State, 125 So. 3d 235 (Fla. 4th DCA 2013), to the extent that case held that a trial court may not impose a sentence in excess of the mandatory minimum imposed under the 10-20-Life statute unless such a sentence is authorized by another statute.

With respect to the fifth issue, we remand for correction of the following minor sentencing errors:  imposition of a $230 cost pursuant to section

938.05(1)(a), Florida Statutes, when the statutory maximum is $225; imposition of a $415 cost pursuant to section 775.083(2), Florida Statutes, when the statutory maximum is $50; and imposition of the $100 cost of prosecution without citing the statutory basis for the cost. We recognize that, during the pendency of this appeal, the trial court entered a corrected judgment to correct these sentencing errors; however, that judgment is a legal nullity because it was filed more than 60 days after Appellant filed his rule 3.800(b)(2) motion. See Fla. R. Crim. P. 3.800(b)(1)(B); Ogden v. State, 117 So. 3d 479 (Fla. 1st DCA 2013). We see no reason that the trial court could not simply reenter the corrected judgment on remand. Appellant need not be present.

AFFIRMED and REMANDED with directions; CONFLICT CERTIFIED.

VAN NORTWICK, WETHERELL, and MAKAR, JJ., CONCUR.