ROBERTS, C.J.
In this case, the appellant was convicted of one count of failure to report a change in residency by a sexual offender as required by section 943.0435, Florida Statutes. In order to convict under this statute, the state is required to prove, .among other things, that the person charged was convicted of certain qualifying sexual offenses and was released from incarceration for that qualifying offense after October 1, 1997. '
It is a tenet of American law that the prosecution is required to “prove beyond every reasonable doubt” every element necessary to-establish that the crime was committed. Dausch v. State, 141 So.3d 513, 517 (Fla.2014). In this case, the appellant, who was entirely within his right to do so, would not stipulate that he had been convicted of a qualifying sexual offense. The State sought, to introduce the “time and crime” report to establish every qualifying crime the appellant had committed, of which there were many.
The appellant filed a motion' in limine to exclude the “time and crime” report based on section 90.403, Florida Statutes, alleging that the report would confuse the jury, *474 that it was not relevant, and that any probative value was substantially outweighed by the danger of unfair prejudice. After a hearing, the trial court ruled that the report could be admitted, but that “extrinsic, non-relevant portions [must] be redacted.”
On appeal, the appellant argues that the information in the report is not relevant and, if it is relevant, it is cumulative because the state is only required to prove one conviction that would trigger the statute. Therefore, the effect of attempting to prove all of the relevant prior convictions would unfairly prejudice the jury against appellant.
Because the state was required to establish at least one qualifying sexual assault conviction and the jury may believe or reject any evidence put before it, the state was entirely within its right to put forth evidence to prove every conviction that brought the appellant within the purview of section 943.043. Therefore, it certainly was not an abuse of discretion for the trial court to allow the introduction of the “crime and time” report after the extraneous and unnecessary parts were redacted. McGee v. State, 435 So.2d 854 (Fla. 1st DCA 1983) (in prosecution for escape that occurred when the defendant was in custody after having been arrested on seven capiases, trial court did not err in failing to require the state to select only one of the capiases for admission into evidence). ■
As to the public defender fee, we find that the first $100 must be upheld because the appellant was convicted of a felony. See § 938.29(l)(a), Fla. Stat. (2014). However, we reverse the remaining $900 because the appellant was not adequately informed that he had a right to contest that discretionary amount and because the appellant was unwittingly denied effective assistance of counsel.
Section 938.29(5), Florida Statutes (2014), provides:
The court having jurisdiction of the defendant-recipient shall, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender ... and costs, at which time the defendant-recipient ... after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil eases at law.
(Emphasis added.)
Here, although the appellant was asked whether he believed that a $1,000 public defender’s fee was a “fair and reasonable amount,” he was not expressly notified that he had the right to contest it. Furthermore, even if the trial court’s query did constitute adequate, if only implied, notice of that right, the appellant had, only moments before, heard his own defense counsel request that amount. Had the appellant objected at the hearing, the conflict of interest between him and his attorney would have effectively denied him the legal representation to which he was entitled.
Accordingly, we reverse the trial court’s imposition of the discretionary portion of the fee. The trial court may, but is not required to, reimpose the $900, but only after following the appropriate procedures. See DeSalvo v. State, 107 So.3d 1185, 1187 (Fla. 1st DCA 2013).
AFFIRMED in part, REVERSED in part, and REMANDED.
KELSEY and JAY, JJ., concur.