DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAIN GORDON SHAW,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1010

[August 13, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 43-2022-CF-001028B.

Daniel Eisinger, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals the sentence imposed on his narcotics-related conviction after an open plea to the court. He argues the court erred in imposing various fines and costs, specifically two $50,000 fines,[1] prosecution and public defender costs, and three sixty-five-dollar costs imposed per a county ordinance. We affirm.

- *The Facts*

The defendant sold drugs to an undercover officer on two separate days. Those sales resulted in the State charging the defendant with multiple crimes in two separate cases. The charges in this case included two trafficking charges (cocaine and fentanyl). The trial court accepted an open plea to the two cases at the same time. This appeal concerns the sentence entered in only one of the cases.

At the time of sentencing, the trial court orally announced the $50,000 fine.

---

[1] The two fines as recorded in the second amended final judgment were $52,915.00 and $52,565.00 respectively, which included a statutory surcharge.

The trial court actually repeated $50,000 twice. The trial court also orally announced a "$200 cost of prosecution and court costs as previously announced."

The trial court imposed a prison sentence and ordered the defendant to pay two $50,000 fines, pursuant to section 893.135, Florida Statutes, plus a $2,500 surcharge. The court also imposed three sixty-five-dollar county ordinance costs, a public defender fee of $100, and a $200 cost of prosecution. From this sentence, the defendant appealed.

The defendant subsequently filed a motion to correct sentencing errors, arguing that the trial court's oral pronouncement of a $50,000 fine controlled over the $52,915 and $52,565 fines imposed in the written final judgment, and that these fines were excessive. He also argued the court erred in imposing the sixty-five dollar county ordinance costs, and the public defender and cost of prosecution fees.

The trial court granted the motion in part and denied it in part. In a second amended final judgment, the trial court reduced the cost of prosecution from $200 to $100 and the public defender fee from $100 to fifty dollars. The trial court denied the defendant's request to strike the $50,000 fines and surcharges, and the three sixty-five-dollar county ordinance costs.

- ***The Analysis***

On appeal, the defendant first argues only *one* of the two $50,000 fines was announced at sentencing, but a second was included in the final judgment. He argues that because the fines were *not* mandatory, they needed to be orally pronounced. The defendant also argues the $50,000 fines violate the eighth amendment's excessive fines clause.

The State responds the fines and surcharges are mandatory and need not be orally pronounced. The State further responds the fines are not excessive. We agree with the State.

"A motion to correct a sentencing error is reviewed de novo." *See Bailes v. State*, 382 So. 3d 1, 5 (Fla. 4th DCA 2024) (citing *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020)).

Here, both $50,000 fines are mandatory per the respective cocaine and fentanyl trafficking statutes. *See* §§ 893.135(1)(b)(1)(a) and 893.135(1)(c)(4)(b), Fla. Stat. (2022). Therefore, the trial court was not required to orally pronounce them. *See Douchard v. State*, 357 So. 3d 142, 148 (Fla. 4th DCA 2023) (citing *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006)). And, we have previously upheld the constitutionality of similar fines against a constitutionally

excessive challenge. *See Stephenson v. State*, 368 So. 3d 5, 6 (Fla. 4th DCA 2023) (citing *Gordon v. State,* 139 So. 3d 958, 964 (Fla. 2d DCA 2014)). We therefore affirm.

The defendant next argues the three sixty-five-dollar costs imposed "must be stricken," because "[t]here are no provisions *in the Florida Statutes* authorizing these costs." Alternatively, if authorized, the trial court erred in imposing them when they were not orally pronounced at sentencing.

The State responds that "[s]ection 939.185(1)(a), Florida Statutes, provides that '[t]he board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court. . . .'" According to the State, subsection (2) provides that "[t]he court shall order a person to pay the additional court cost." Because the costs are mandatory, they were not required to be orally pronounced. Once again, we agree with the State.

Here, section 47.154 of the Martin County Code of Ordinances, chapter forty-seven, article eight, provides in pertinent part: "[p]ursuant to F.S. § 939.185, an additional court cost of $65.00 **shall** be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under Florida Statutes." Martin, Fla., Code § 47.154.A (2022) (emphasis added). Subsection two of section 939.185 mandates the imposition of the additional county ordinance cost. Therefore, because the costs were mandatory, the trial court need not orally pronounce them before imposition.[2]

Because the trial court corrected the public defender and prosecution costs when it granted the defendant's motion to correct sentencing in part, the third issue is now moot.

*Affirmed.*

FORST and KLINGENSMITH, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Interestingly, the First District has held the sixty-five-dollar county ordinance cost is both discretionary and mandatory. *Compare Ogden v. State*, 117 So. 3d 479, 480 (Fla. 1st DCA 2013) ("[t]he cost imposed under section 939.185(1)(a) and the local ordinance implementing it may stand, as it is not discretionary") *with Jackson v. State,* 287 So. 3d 698 (Mem) (Fla. 1st DCA 2020) ("the trial court erred in imposing the $65 discretionary cost pursuant to section 939.185, Florida Statutes. . . .").