PER CURIAM.
Gabriel Velez-Pizzini appeals his convictions for lewd and lascivious molestation of a child, lewd and lascivious solicitation of a child and attempted evidence tampering. We find no reversible error with respect to any issue affecting the convictions, and affirm them without further discussion. We agree with appellant, however, that the trial court erred in assessing “First Step Program” costs as a written (but not oral) special condition of probation.[1]
Section 948.039, Florida Statutes (2009), mandates that trial courts impose special conditions of probation by oral pronouncement and written order. Such special conditions include requirements that the offender “[p]ay not more than $1 per month during the term of probation or community control to a nonprofit organization established for the sole purpose of supplementing the rehabilitative efforts of the Department of Corrections.” § 948.039(2), Fla. Stat. (2009). It appears that the First Step of the Fifth Judicial Circuit, Inc., is such a program. These fees used to be included as standard conditions under section 948.03(1), Florida Statutes (1996), but in 2004, were made special conditions under section 948.039, Florida Statutes. Ch. 2004-373, § 26, Laws of Fla. Accordingly, these costs could only be imposed if orally pronounced, and must be stricken. See, e.g., Justice v. State, 674 So.2d 123 (Fla.1996) (holding that where a trial court fails to orally pronounce certain special conditions of probation which later appear in the written sentence order, the court on remand must strike the unannounced conditions and cannot reimpose them upon resentencing).
*279 AFFIRMED; REMANDED WITH DIRECTIONS THAT FIRST STEP PROGRAM COSTS BE STRICKEN.
GRIFFIN, ORFINGER, and LAWSON, JJ., concur.

. This issue was raised before the trial court in a timely motion to correct sentencing errors.