PER CURIAM.
This consolidated Anders[1] appeal arises from two separate judgments and sentences. We affirm Appellant’s convictions and sentences without comment. We write, however, to address the trial court’s imposition of certain costs and fines. For the reasons that follow, we strike the fines and surcharges improperly imposed in both cases and remand with instructions to enter corrected written judgments.
At sentencing the trial court ordered Appellant to pay “court costs” of $971.25 in each ease. However, the written judgments for fines and costs in both cases ordered Appellant to pay $525.00 as a fine pursuant to section 775.083, Florida Statutes (2010); $26.25 as the five percent surcharge required by section 938.04, Florida Statutes (2010); and $420.00 in mandatory court costs, as well as a $25.00 administrative fee. Appellant filed two motions to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he argued that the trial court had erred by imposing the $525.00 fines which were not orally pronounced at the sentencing hearing and the $26.25 surcharge on the fines. Appellant also argued that the trial court erred in imposing the $25.00 administrative fee without statutory authorization in each case. The trial court granted in part Appellant’s motions by striking the $25.00 administrative fee in each case; however, the trial court denied Appellant’s other claims. On appeal, appointed counsel for Appellant asserted that she was unable to make a good faith argument that reversible error occurred in the trial court, with the exception of improperly imposing the fines and surcharges. The State concedes that the written judgments improperly imposed the fines and surcharges. We agree.
*381 Pursuant to section 775.083(1), a person who has been convicted of an offense other than a capital felony may be sentenced to pay a fíne in addition to any punishment described in section 775.082, Florida Statutes (2010). Moreover, when specifically authorized by statute, a person may be sentenced to pay a fíne in lieu of any punishment described in section 775.082. § 775.083(1). In addition to any fine for any criminal offense prescribed by law, the trial court must also impose a five percent surcharge on the fíne. § 938.04. However, fines under section 775.083 are discretionary and must be orally pronounced at sentencing. Nix v. State, 84 So.3d 424 (Fla. 1st DCA 2012). A discretionary fíne imposed and the statutory surcharge on the fine must be stricken if the discretionary fíne was not orally pronounced at sentencing. Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011).
Here, at sentencing, the trial court orally pronounced “court costs” in each case are $971.25, but the written judgments for fines and costs in both cases ordered Appellant to pay $525.00 as a fine, $26.25 as the five percent surcharge, and $420.00 in costs. Since the trial court did not orally pronounce these fines at the sentencing hearing, the fines must be stricken in both cases. Also, because the fines were improperly imposed, the trial court could not impose the additional $26.25 surcharge which is based on the amount of the fines in both cases. Id.; see also Dadds v. State 946 So.2d 1129, 1130 (Fla. 2nd DCA 2006).
Therefore, we strike the $525.00 fine and the $26.25 surcharge improperly imposed in both cases and remand with instructions to enter corrected written judgments consistent with this opinion. Otherwise, we affirm in all respects.
AFFIRMED and REMANDED with instructions.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).