WALLIS, J.
Jeremy Strong raises four claims, of which only the first has merit, in his We deny the petition as to claims two, three, and four without discussion. In his first claim, Strong argues that his appellate counsel was ineffective for failing to file a Florida Rule of Criminal Procedure 3.800(b)(2) motion to challenge his fees because the trial court imposed fees under repealed and renumbered statutes and because Strong was not informed of his right to challenge the discretionary public defender fee. We agree, grant the petition in part, and remand for the lower court to strike the fees and public defender fee without prejudice for the court to re-impose the fees after following the correct procedure.
In November 2009, Strong was sentenced to fifteen years in prison after pleading nolo contendere to possession of a firearm by a felon, pursuant to a negotiated plea agreement. In the plea agreement, Strong agreed to pay fines and costs, but the agreement did not delineate specific fees or amounts. At sentencing, the trial court pronounced Strong’s sentence by stating:
Be a two hundred and fifty dollar fine, plus costs assessed by the Clerk’s Office, made a lien of record. Hundred dollars cost of prosecution,- made a lien of record. Fifty dollars a day, cost of incarceration, made a lien of record. Seven hundred and fifty dollars for the Public Defender made a lien of record.
On the form used to delineate Strong’s fees, many of the listed charges either fail to cite to statutory authority or cite to either incorrect, renumbered, or repealed statutory provisions. We strike the court’s imposition of fees and costs and remand for the trial court to cite the correct statutory authority. See Harrison v. State, — So.3d -, -, 39 Fla. L. Weekly D381, 2014 WL 594352, *2 (Fla. 1st DCA Feb. 17, 2014) (striking a fee for cost of prosecution and remanding for the court to cite statutory authority); V.D. v. State, 922 So.2d 1037, 1038 (Fla. 5th DCA 2006) (“A trial court must provide a statutory basis for every cost imposed.”).
Furthermore, “[w]hile statutorily-mandated costs may be imposed without notice (and thus, need not be individually announced at sentencing), discretionary costs or fines must be orally pronounced at sentencing in order to comport with due process requirements.” Boyington v. State, 125 So.3d 327, 327-28 (Fla. 1st DCA 2013) (citations omitted). The trial court must also advise the defendant of his right to contest the discretionary fee when it is orally imposed. Kirkland v. State, 106 So.3d 4, 5 (Fla. 1st DCA 2013) (“[T]he Public Defender fee should be struck because the trial court did not advise Appellant of his right to contest the fee when it *682 was orally imposed.” (citing § 938.29(5), Fla. Stat.; Fla. R. Crim. P. 3.720(d)(1))).
Petition GRANTED in part; REMANDED with instructions.
PALMER and COHEN, JJ., concur.