PALMER, J.
Alan Osterhoudt (the defendant) appeals his judgment and sentence, which were entered by the trial court after a jury found him guilty of committing the crime of manslaughter. The defendant’s contention that the trial court erred by denying his motion for mistrial is without merit. However, we write to address the defendant’s contention that the trial court erred in imposing certain fees, costs, and fines.
Post-sentencing, the defendant filed a motion for sentencing relief pursuant to rule 3.800 of the Florida Rules of Criminal Procedure. Among other things, the motion alleged error in the imposition of certain fees, costs, and fines. The motion was denied. The defendant, now contends that the trial court reversibly erred in imposing certain fees, discretionary fines, and costs. We conclude that these claims were not properly preserved for appellate review.
Our court has held that a defendant waives his right to raise issues on direct appeal relating to a trial court’s imposition of unpronounced conditions of probation if the defendant only raises “procedural and not • substantive challenges” to those discretionary assessments in a rule 3.800 motion. See Velez-Pizzini v. State, 58 So.3d 278, 279 (Fla. 5th DCA 2011) (“Because the appellant did not raise a substantive objection to [an] unpronounced, but otherwise unobjectionable special condition, it need not be stricken.”); Grubb v. State, 922 So.2d 1002 (Fla. 5th DCA 2006) (en banc) ■ (holding that' the defendant’s due process rights regarding unpronounced special probation conditions were adequately protected by rule 3.800 and, thus, special conditions'that were not orally pronounced during sentencing hearing, but were otherwise proper, were not required to 'be stricken from written probation order where defendant had notice of conditions in time to file a'motion to correct sentence). The reasoning of these cases is equally applicable to alleged improper assessments imposed as fees, costs, and fines.' As such, appellate review of the defendant’s claims of error regarding his discretionary fees, costs, and fines were waived when he raised only procedural, and not substantive, claims in his 3.800 motion.
The defendant also argues that this matter must be remanded to the trial court with instructions that his sentencing score-sheet be corrected since the scoresheet states that he entered a plea when, in fact, he was found guilty by a jury after a trial. The State agrees. As such, remand is appropriate in order to correct the defendant’s'scoresheet. See generally Perez v. State, 840 So.2d 1179 (Fla. 5th DGA 2003) (remanding for correction of the score-sheet that listed the wrong offense level).
AFFIRMED in part; REMANDED with instructions.
ORFINGER, J. and HIGBEE, H.L., Associate Judge, concur. > -