NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEFFREY S. WILLIAMS,                    )
                                        )
        Appellant,                      )
                                        )
v.                                      )     Case No.  2D14-2393
                                        )
STATE OF FLORIDA,                       )
                                        )
        Appellee.                       )
                                        )
_____ )

Opinion filed March 2, 2016.

Appeal from the Circuit Court for Pinellas
County; Keith Meyer, Judge.

Howard L. Dimmig, II, Public Defender, and
Terrence E. Kehoe, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

        Jeffrey Williams appeals his jury conviction for aggravated abuse of a

disabled adult and the imposition of a $333 discretionary fine and 5 percent surcharge.

We reverse in part and remand with instructions for the circuit court to strike the discretionary fine pursuant to section 775.083, Florida Statutes (2011), and the five percent surcharge pursuant to section 938.04, Florida Statutes (2011), totaling $333. We do so because the circuit court failed to orally pronounce this discretionary statutory fine and surcharge at the sentencing hearing. We affirm all other issues raised by Williams without comment.

On April 21, 2014, Williams was adjudicated guilty of aggravated abuse of a disabled adult and sentenced to seven years' imprisonment. At sentencing the circuit court orally pronounced the imposition of an aggregate fine of $1002. It is unclear, however, precisely how the circuit court derived that aggregate amount. Importantly, though, the circuit court made no mention of the discretionary statutory fine and surcharge being challenged here. A few weeks later, the circuit court entered the written Judgment for Fines and Costs, where it then became clear that the $1002 aggregate fine was, in part, made up of a discretionary fine and 5 percent surcharge, totaling $333.

Williams thereafter properly preserved a challenge to the imposition of that $333 fine and 5 percent surcharge by filing a motion to correct sentencing error, arguing in that motion, as he does here, that the discretionary statutory fine and surcharge should be struck because the circuit court neglected to specify them in its oral pronouncement. Dadds v. State, 946 So. 2d 1129, 1130 (Fla. 2d DCA 2006) (citing Fla. R. Crim. P. 3.800(b)(2)). Although the State agreed with the merits of the motion, the circuit court nonetheless denied Williams's request to correct that error.

A fine imposed pursuant to section 775.083 is discretionary and must be orally pronounced.  <u>Dadds</u>, 948 So. 2d at 1130; <u>see also</u> <u>Lamoreaux v. State</u>, 88 So. 3d 379, 381 (Fla. 1st DCA 2012) ("A discretionary fine imposed and the statutory surcharge on the fine must be stricken if the discretionary fine was not orally pronounced at sentencing."  (citing <u>Pullam v. State</u>, 55 So. 3d 674, 675 (Fla. 1st DCA 2011))).  Because the trial court did not make that oral pronouncement at the sentencing hearing, the discretionary fine and 5 percent surcharge totaling $333 cannot stand.  We thus reverse the $333 fine and surcharge and remand with directions that they be stricken.  <u>Dadds</u>, 948 So. 2d at 1130.

Affirmed in part, reversed in part, remanded with directions to strike the $333 discretionary fine and 5 percent surcharge.

SILBERMAN and BLACK, JJ., Concur.