# Supreme Court of Florida

_____

No. SC16-303
_____

**ALAN OSTERHOUDT, JR.**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[March 30, 2017]

PER CURIAM.

Alan Osterhoudt, Jr., seeks review of the decision of the Fifth District Court

of Appeal in Osterhoudt v. State, 182 So. 3d 16 (Fla. 5th DCA 2015), on the

ground that it expressly and directly conflicts with decisions of the Second District

Court of Appeal in Williams v. State, 198 So. 3d 778 (Fla. 2d DCA 2016), and the

First District Court of Appeal in Nix v. State, 84 So. 3d 424 (Fla. 1st DCA 2012),

regarding whether trial courts must individually pronounce discretionary fees,

costs, and fines at sentencing.[1]  As explained below, we approve the decisions in

_____

1.  We have jurisdiction.  See art. V, § 3(b)(3), Fla. Const.  We decline to
address the non-conflict issue.

Williams and Nix and quash the decision in Osterhoudt to the extent it is inconsistent with this decision.

Osterhoudt was convicted of manslaughter with a firearm and sentenced to 30 years' imprisonment for the killing of his wife. At his sentencing hearing, the trial judge imposed a lump sum of "approximately $956" in fines and court costs. The written order showed that the total included a $300 discretionary fine and $15 surcharge, which were not individually pronounced at sentencing. Osterhoudt filed a motion under Florida Rule of Criminal Procedure 3.800(b) and appealed his judgement and sentence to the Fifth District, arguing that the trial court erred by denying his motion for mistrial and by not individually pronouncing the discretionary fine and surcharge at sentencing. Osterhoudt, 182 So. 3d at 17. The Fifth District affirmed the trial court's denial of the motion for mistrial and held that the challenge to the discretionary fine and surcharge was not preserved because it was only a procedural challenge. Id.

Conversely, the First and Second Districts have held that trial courts must individually pronounce discretionary fees, costs, and fines at sentencing. In Williams, 198 So. 3d at 778, the Second District addressed a situation where the trial court orally pronounced the imposition of an aggregate fine but only later clarified in the written judgement that "the $1002 aggregate fine was, in part, made up of a discretionary fine and 5 percent surcharge, totaling $333." The Second

District held that, "[b]ecause the trial court did not make [an] oral pronouncement at the sentencing hearing, the discretionary fine and 5 percent surcharge totaling $333 cannot stand." Id. at 779.

Similarly, the First District concluded that "discretionary costs must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard." Nix, 84 So. 3d at 426. The First District held that, on remand, the unpronounced discretionary fees, costs, and fines may be reimposed "after providing notice to [a]ppellant and following the proper procedure." Id.

Consistent with the rulings of the First and Second Districts, we hold that trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements. Accordingly, we quash the Fifth District's decision insofar as it conflicts with this decision. We remand this case for resentencing where the trial court may reimpose the discretionary fine and surcharge after providing notice to Osterhoudt and following the proper procedure.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

     Fifth District - Case No. 5D13-4277

     (Hernando County)

Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Heidt, Bureau Chief, and Marjorie Vincent-Tripp, Assistant Attorney General, Daytona Beach, Florida,

     for Respondent