# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4812
_____

RYAN AUSTIN CALHOUN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

November 20, 2018

ROBERTS, J.

The appellant, Ryan Austin Calhoun, was one of two men charged and convicted of sexual battery by multiple perpetrators.[*] The appellant makes two arguments on appeal. First, the appellant argues that the trial court erred in failing to give the jury instruction for the offense of unnatural and lascivious act, which he characterizes as a permissive lesser-included offense of sexual battery by multiple perpetrators. We find that the appellant failed to properly preserve this argument. Second, the appellant argues that the trial court erred when it imposed a fine and surcharge

_____

[*] The appellant and his co-defendant were tried together.

without specifically announcing the fine. We agree and are compelled to strike the fine and surcharge.

*Preservation*

With regards to the appellant's first issue, we find it unpreserved because the ground trial counsel argued at trial was different from the ground he argued in the motion for rehearing. In order to explain how the grounds are different, we first review what this Court has said about lesser-included offenses.

In *Wright v. State*, we explained,

Lesser included offenses fall into two categories: necessary and permissive. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. Necessarily lesser included offenses are designated Category 1 offenses, whereas permissive lesser included offenses are designated Category 2 offenses. A permissive lesser included offense differs in that it cannot be determined to fall within Category 2 unless both the statutory elements and the facts alleged in the accusatory pleading are consulted.

983 So. 2d 6, 9 (Fla. 1st DCA 2007) (internal citations omitted).

Given this background information on lesser-included offenses, we next examine trial counsel's arguments to the trial court. During a break in the trial, the parties began to discuss jury instructions. Trial counsel stated that the defense may request a jury instruction for the offense of unnatural and lascivious act, but informed the trial court that the offense of unnatural and lascivious act was not a Category 1 or a Category 2 offense. Then, trial counsel explained that the commentary to the jury instruction stated that some sex offenses may be supported by the evidence produced at trial, reaffirmed that an unnatural and lascivious act was not a Category 1 or a Category 2 offense, and requested to wait to further discuss the issue until all the evidence was presented.

Later, during the charge conference, counsel for the co-defendant asked the trial court to instruct the jury on all of the lesser-included offenses in addition to the instruction for the offense of unnatural and lascivious act. When the trial court asked for the State's position, the State objected and argued that the requested jury instruction was not for a Category 2 offense. When the trial court asked the appellant's trial counsel if the defense had any issues with the jury instructions, trial counsel simply requested the instruction for unnatural and lascivious act without elaboration. The trial court denied the request. Ten days later, the appellant filed a motion for new trial and argued that the trial court erred when it denied his request to instruct the jury on unnatural and lascivious act because unnatural and lascivious act was a permissive lesser-included offense of sexual battery by multiple perpetrators.

Based on trial counsel's statements to the trial court, we find that the appellant never requested the unnatural and lascivious offense instruction based on the ground that an unnatural and lascivious offense was a permissive lesser-included offense until he filed his motion for new trial. Because the ground stated in the motion for new trial was different from the ground stated to the trial court, the issue is not preserved for appeal. *See Barton v. State*, 704 So. 2d 569, 572 (Fla. 1st DCA 1997) (finding that a defendant waived his argument on the grounds made in a motion for new trial when those grounds were not argued at trial). Accordingly, the appellant's judgment and prison sentence are affirmed.

*Fine and Surcharge*

With regards to the appellant's second issue on appeal, the State properly concedes error. Discretionary fines must be orally pronounced at sentencing. *Lamoreaux v. State*, 88 So. 3d 379, 381 (Fla. 1st DCA 2012). When the trial court imposes a fine without specifically pronouncing it, the fine and any surcharge on that fine must be struck. *Id.*

During the appellant's sentencing, the trial court announced a lump-sum total of all the court costs and fines it was imposing. Included in the lump-sum total was a $700.00 fine pursuant to section 775.083, Florida Statutes (2015). Section 775.083 lists all

of the fines a trial court may impose, but those fines are not mandatory. In addition to the $700.00 discretionary fine, the trial court also imposed a surcharge on that fine. Because the trial court imposed a discretionary fine without specifically pronouncing it, we are compelled to strike it and the surcharge. Therefore, we order the $700.00 fine and $35.00 surcharge imposed in this case be struck.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

RAY and KELSEY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.