# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-4366
_____

JAMES FARRELL DAVIS JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

August 13, 2019

PER CURIAM.

James Farrell Davis Jr. was charged with and convicted of several offenses arising out an altercation with his neighbors over his missing dogs. He raises five issues in this appeal from his judgment and sentences, three of which have merit and are discussed below. We reject his other arguments without further comment.

At the outset, we address Davis' claim that the trial court committed fundamental error by failing to conduct an adequate competency hearing before ruling on whether his competency to stand trial had been restored. Davis was arrested in the summer of 2014 in connection with this case. After appointing an expert for

a competency evaluation, the trial court determined that Davis was incompetent to proceed.

Roughly two years later, on February 27, 2017, a Florida State Hospital psychologist concluded that Davis no longer met the criteria for involuntary commitment. After reviewing the psychologist's report, the court entered an order on March 28, 2017, declaring that Davis had regained his competency.* But about a month later, the court issued a separate order appointing a different psychologist to evaluate Davis' competency. That expert issued her report a few weeks later and recommended that Davis be found competent to proceed. On June 6, 2017, the court conducted a brief status hearing. The transcript of that hearing reads as follows:

> Court:       James Davis.
>
> Defense:     Your Honor, Mr. Davis' report came back as well and I would like to set him for August as well.
>
> State:       We would ask for July, Judge.
>
> Court:       Yeah, he's been around a long time. June 22 pretrial.

The record contains a case disposition report dated June 6 and signed by the deputy clerk with a handwritten note that Davis was "competent to proceed." Davis proceeded to trial and was ultimately convicted and sentenced for attempted first-degree premeditated murder; burglary of a dwelling while armed with a

---

* The record shows that the court issued an order on March 1, 2017, for Davis to be transported for a hearing on March 23, 2017, for the purpose of evaluating Davis' competency to proceed. There is no transcript of the hearing in the record, although the case disposition report signed by the deputy clerk reflects that Davis was present for the hearing and that he needed "to be re-evaluated."

2

firearm; shooting at, into, or within a building; and aggravated assault by threat with a firearm.

"Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise." *Molina v. State*, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006). A proper hearing to determine whether competency has been restored generally requires "the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence." *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014) (quoting *Jones v. State*, 125 So. 3d 982, 983-84 (Fla. 4th DCA 2013)). While the parties and the court can agree to decide the issue of competency based on the experts' reports without receiving testimony, the court must regard the reports as advisory only. *Id.* at 678. The court cannot dispense with its duty to make an independent determination about a defendant's competency by deferring solely to the expert reports or accepting a stipulation of competence by the parties. *Id.*; *see also Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016).

Here, there is nothing in the record to suggest that the court made an independent determination that Davis had been restored to competency before proceeding to trial. Contrary to the State's position, the June 6 status hearing did not constitute an adequate competency hearing, and the deputy clerk's notation of competency in the case disposition report did not amount to a judicial determination on competency.

We therefore reverse and remand for a retroactive determination of Davis' competency, if possible. *Zern*, 191 So. 3d at 965. If the court finds that Davis was incompetent at the time of trial or that a retrospective determination is not possible, Davis will be entitled to a new trial if and when he is competent to proceed. *Id.*

If the court finds that Davis was competent at the time of trial, it must enter a *nunc pro tunc* written order memorializing this finding. *Id.* However, we agree with Davis that his judgment and sentences must be corrected in the following respects.

3

First, the court must strike the mandatory minimum term of his life sentence for attempted first-degree premeditated murder because the allegations in the charging document were not sufficient to place him on notice that he was subject to an enhanced sentence under section 775.087(2)(a)3., Florida Statutes (providing for the imposition of a twenty-five-year mandatory minimum when a defendant inflicts death or great bodily harm through the discharge of a firearm). *See Bienaime v. State,* 213 So. 3d 927, 929 (Fla. 4th DCA 2017) (requiring the State "to allege grounds for enhancement in the charging document" to pursue an enhanced mandatory sentence under the 10-20-Life statute).

Second, the court erred in imposing a discretionary fine and surcharge, as well as a $300 public defender lien. In addition to other costs, the written judgment reflected a discretionary cost of $342.86 under section 775.083, Florida Statutes, and a surcharge of $17.14 under section 938.04, Florida Statutes. Because these are discretionary costs, the court was required to specifically pronounce them at sentencing to afford Davis notice and an opportunity to be heard. *Nix v. State*, 84 So. 3d 424, 436 (Fla. 1st DCA 2012). The court failed to do so and failed to correct its mistake when Davis raised it in his motion to correct sentencing error.

The court also erred by imposing a public defender lien in excess of the statutory minimum without providing Davis with an opportunity to contest the amount. *Odom v. State*, 187 So. 3d 324, 325 (Fla. 1st DCA 2016). Finding this issue preserved as well, the court is directed to strike the discretionary fine, related surcharge, and the discretionary portion of the public defender lien. *Lamoreaux v. State*, 88 So. 3d 379, 381 (Fla. 1st DCA 2012); *Calhoun v. State*, 259 So. 3d 288, 290 (Fla. 1st DCA 2018).

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY, C.J., and ROWE and OSTERHAUS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.