DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUBY LEE McGRIFF COLEBROOK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-367

[May 26, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Melinda Brown, Judge; L.T. Case Nos. 19-001539MM10A and 20-000009AC10A.

Robert David Malove of The Law Office of Robert David Malove, P.A, Fort Lauderdale, for appellant.

Michael J. Satz, State Attorney, and Joanne Lewis, Assistant State Attorney, Fort Lauderdale, for appellee.

GERBER, J.

The defendant appeals from her conviction and sentence for one count of simple battery. The defendant raises three arguments: (1) the state's unobjected-to comments during closing argument amounted to fundamental error; (2) the trial court's written judgment improperly included a $26.00 cost which the trial court had not orally pronounced at the sentencing hearing; and (3) the trial court's written judgment improperly included a $619.00 fee which did not cite its statutory authority and which the trial court had not orally pronounced at the sentencing hearing.

On the first argument, we conclude the state's unobjected-to comments during closing argument did not amount to error, much less fundamental error. *See Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006) ("A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject.") (citations omitted); *Wimberly v. State*, 41 So. 3d 298, 301 (Fla. 4th DCA 2010) ("Improper comments rise to the level

of fundamental error only where the error reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.") (citation and internal quotation marks omitted).

On the second argument, we conclude the trial court properly imposed the $26.00 cost in the written judgment, even though the trial court had not orally pronounced that cost, because the defendant concedes the $26.00 cost was mandatory under Seventeenth Judicial Circuit Administrative Order VI-02-D-3, as cited in the written judgment, and the trial court was not required to orally pronounce mandatory costs. *See Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012) ("Statutorily-mandated costs may be imposed without notice and, thus, need not be specifically pronounced at the sentencing hearing.").

On the third argument, although the state again argues the trial court was not required to orally pronounce the alleged mandatory $619.00 fee, the state concedes that because the trial court did not cite the alleged mandatory $619.00 fee's authority either orally or in the written judgment, remand is necessary for the trial court to either: (a) cite the alleged mandatory $619.00 fee's authority in the written judgment, *cf. Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017) ("[I]t is improper for a trial court to impose costs in a sentencing order without providing an explanation in the record as to what the costs represent, so as to permit a reviewing court to determine the statutory authority for the costs."); or (b) if the $619.00 fee was actually discretionary, reimpose that fee after providing notice to the defendant and following the proper procedure, *see Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017) ("[W]e hold that trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements. … We remand this case for resentencing where the trial court may reimpose the discretionary fine and surcharge after providing notice to [the defendant] and following the proper procedure.").

Accordingly, we (1) affirm the defendant's conviction and sentence for simple battery; (2) affirm the $26.00 cost's imposition; and (3) remand for the trial court either to cite the alleged mandatory $619.00 fee's authority in the written judgment, or if the $619.00 fee was actually discretionary, to reimpose that fee after providing notice to the defendant and following the proper procedure.

*Affirmed in part, remanded in part with instructions.*

GROSS and KLINGENSMITH, JJ., concur.

*        *        *

*Not final until disposition of timely filed motion for rehearing.*