DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KATRINA MATTICE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-4166

_____

September 6, 2024

Appeal from the Circuit Court for Hillsborough County; Laura E. Ward, Judge.

Howard L. Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.


SLEET, Chief Judge.

Katrina Mattice challenges her judgment and sentences for two counts of DUI manslaughter, two counts of vehicular homicide, and one count each of driving under the influence with serious bodily injury and driving under the influence with property damage or personal injury. She entered negotiated guilty pleas to the charges, and the trial court sentenced her pursuant to the plea agreement. However, the trial court's

fee order includes erroneously imposed fines and costs that we must reverse. We affirm Mattice's judgment and sentences in all other respects.

During the pendency of this appeal, Mattice filed in the trial court a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error in which she challenged certain fines and costs imposed by the trial court and also argued that her sentence incorrectly indicated that the probationary period should follow the sentence for count one instead of the sentence for count two, which is to be served consecutively to the sentence for count one.

The trial court subsequently entered an amended judgment and sentence specifying that the probationary terms in counts three and four are to be served concurrently with one another but consecutively to the sentences in counts one and two. The trial court also entered an amended fee order but did not grant Mattice the relief she requested with regard to the fines and costs.[1]

---

[1] The amended judgment and sentences, including the amended fee order, are the subject of this appeal. Rule 3.800 provides that "[w]ithin [sixty] days from the filing of the motion, the trial court shall file an order ruling on the motion." Fla. R. Crim. P. 3.800(b)(1)(B) (emphasis added); *see also* Fla. R. Crim. P. 3.800(b)(2)(B). Within that time frame, the trial court entered an order extending to September 12, 2023, the time within which it had to rule on Mattice's rule 3.800(b) motion. *See* Fla. R. Crim. P. 3.050 ("When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion . . . permit the act to be done when the failure to act was the result of excusable neglect . . . ."); *Davis v. State*, 887 So. 2d 1286, 1288 (Fla. 2004) ("[R]ule 3.050 authorizes the trial court to extend the sixty-day time period of rule 3.800(b) if the trial court acts within the sixty-day period to extend the time period and there is a showing of good cause."). Then on August 31, 2023, the court entered an order that it titled Second Order Extending Time to Rule on Defendant's Motion to Correct Sentencing Error. Despite the title, in the

As to the actual fines and costs imposed, at sentencing, the trial court imposed only "a one thousand dollar fine," "all mandatory court costs, [and] all costs of supervision." The written fee order, however, includes a $4,500 fine imposed pursuant to section 775.083, Florida Statutes (2022).

"A <u>fine</u> imposed pursuant to section 775.083 is discretionary and <u>must be</u> orally pronounced." *Williams v. State*, 198 So. 3d 778, 779 (Fla. 2d DCA 2016) (emphasis added); *see also Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017) (affirming *Williams* and holding "that trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements").

Accordingly, we must reverse the sentence to the extent that it imposes $4,500 in fines pursuant to section 775.083, and any attendant surcharges must also be adjusted. *See Williams*, 198 So. 3d at 779 ("Because the trial court did not make that oral pronouncement at the sentencing hearing, the discretionary fine and [five] percent surcharge . . . cannot stand."). On remand, the trial court must enter a fee order that comports to the sentence orally pronounced at the sentencing hearing. *See id.*

The fee order also includes a $450 fine pursuant to sections 775.083 and 403.413(6)(a), Florida Statutes (2022). Section 403.413(6)(a) states that anyone in violation of the Florida Litter Law commits a noncriminal infraction "punishable by a civil penalty of $150." The use of the word "punishable" indicates that this fine, like fines imposed pursuant to section 775.083, is discretionary. *See Islaam v.*

---

body of the order, the trial court ruled on Mattice's postconviction motion by stating that Mattice was entitled to be resentenced and setting a date for the resentencing hearing.

3

*State*, 387 So. 3d 1277, 1284 (Fla. 2d DCA 2024) (citing *Brown v. State*, 237 So. 2d 129 (Fla. 1970)). To the extent that the inclusion of this fine exceeds the $1,000 fine orally pronounced by the trial court, it and its attendant surcharge must also be stricken. *See Williams*, 198 So. 3d at 779.[2]

Additionally, the fee order includes recording costs of $9 and $10 that cite section 28.24(12)(a), (b), and (d), Florida Statutes (2022), as their statutory bases. Mattice argues that based on the language of section 28.24(12), these costs were erroneously imposed. Subsection (12) of section 28.24 deals with "examining, certifying, and recording plats and . . . recording condominium exhibits larger than 14 inches by 8 ½ inches." Furthermore, subsection (12) only has two subsubsections, namely (a) and (b), and those subsections set the cost at $30 for the first page and $15 for each additional page. Accordingly, it appears from the factual basis put forth at the plea hearing[3] and the amount of the costs levied that these costs were improperly imposed. Accordingly, we strike these two costs. *See Weber v. State*, 368 So. 3d 487, 489 (Fla. 2d DCA 2023) ("The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order." (quoting

---

[2] Mattice also argues that a $50 crime prevention fund cost imposed pursuant to section 775.083 should be stricken because it was not orally imposed at sentencing. However, this $50 was not a discretionary fine imposed under section 775.083(1) but rather was a cost imposed under section 775.083(2). "[The] $50 crime prevention cost imposed pursuant to section 775.083(2) . . . is a mandatory cost that the trial court need not pronounce orally." *Bryant v. State*, 47 So. 3d 952, 953 (Fla. 2d DCA 2010).

[3] The factual basis provided that two individuals died and that another was seriously injured as a result of a vehicular accident caused by Mattice's failing to obey a stop sign while she was driving under the influence.

*Vick v. State*, 37 So. 3d 951, 952 (Fla. 2d DCA 2010))); *see also Strong v. State*, 140 So. 3d 680, 681 (Fla. 5th DCA 2014) ("We strike the court's imposition of fees and costs and remand for the trial court to cite the correct statutory authority.").  On remand, "the trial court may reimpose th[o]se costs if it provides [applicable] statutory authority for their assessment."  *Weber*, 368 So. 3d at 489 (first alteration in original) (quoting *Vick*, 37 So. 3d at 952).

Similarly, the fee order cites section 318.18(13)(a)2, Florida Statutes (2022), rather than section 318.18(13)(a)1 for $120 in court facilities fund surcharges.  This scrivener's error should be corrected on remand.

Finally, Mattice challenges two $1 "prep" costs purportedly imposed under section 28.24(8), which allows for a $6-per-page cost "[f]or copying any instrument in the public records by other than photographic process."  Because this subsection allows for only a $6 cost—and because the fee order also includes two $6 costs citing this subsection— it appears that this subsection is not a proper statutory basis for the imposition of these $1 costs.  Accordingly, we strike these two costs, and on remand, the trial court may reimpose them if it provides an applicable statutory basis.  *See Weber*, 368 So. 3d at 489.

In summary, we reverse the portions of the trial court's fee order imposing $4,950 in discretionary fines pursuant to sections 775.083 and 403.413(6)(a) and remand for the trial court to enter a fee order that conforms to the trial court's oral pronouncement of "a one thousand dollar fine."  Additionally on remand, the trial court shall reevaluate the imposition of $21 in costs pursuant to section 28.24 and may only reimpose those various costs with citation to applicable statutory provisions.  Finally, the trial court shall correct the scrivener's error

regarding the statutory basis for the imposition of $120 in facilities fund surcharges.  In all other respects, we affirm Mattice's judgment and sentences.

Affirmed in part, reversed in part, and remanded for entry of a corrected fee order.

LaROSE and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.