# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2800
LT Case No. 2022-CF-003423-A

_____

NICKEOUS LAMONT JENKINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
Sarah J. Jones, Judge.

Matthew J. Metz, Public Defender, and Judson Searcy, Assistant
Public Defender, Daytona Beach, for Appellant.

Nickeous Lamont Jenkins, Tavares, pro se.

Ashley Moody, Attorney General, Tallahassee, Marissa V. Giles,
Assistant Attorney General, Daytona Beach, for Appellee.


December 13, 2024

PER CURIAM.

In this *Anders*[1] appeal, we affirm Nickeous Lamont Jenkins' judgment and sentence in L.T. Case No. 2022-CF-003423-A.

However, we remand for the correction of scrivener's errors in the written sentence and the amended final judgment accessing charges, costs, and fines. Both the written sentence and the amended final judgment impose a $250.00 discretionary fine pursuant to section 775.083, Florida Statutes, as well as the additional imposition of $12.50, representing the 5% surcharge on the $250.00 fine, pursuant to section 938.04, Florida Statutes. The trial court did not orally pronounce this fine at sentencing; and the fine and surcharge should accordingly be stricken. *See Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017) (holding that "trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements"); *see also Lamoreaux v. State*, 88 So. 3d 379, 381 (Fla. 1st DCA 2012) (explaining that "[a] discretionary fine imposed and the statutory surcharge on the fine must be stricken if the discretionary fine was not orally pronounced at sentencing").

Because correction of these scrivener's errors is merely ministerial, Jenkins does not need to be present. *See Walker v. State*, 393 So. 3d 274, 276 (Fla. 5th DCA 2024) ("Because this resentencing to correct a scrivener's error is simply a ministerial act, Appellant need not be present." (citation omitted)).

AFFIRMED; and REMANDED with instructions.

MAKAR, EISNAUGLE, and BOATWRIGHT, JJ., concur.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____